## Thomas, Appellant, *v.* Phila. & Reading R. R. Co.

[Marked to be reported.]

*Railroad company—Passengers—Accident—Burden of proof.*

Where a passenger is injured, either by anything done or omitted by the carrier, its employees, or anything connected with the appliances of transportation, the burden of proof is upon the carrier to show that such injury was in no way the result of its negligence; but to throw this burden upon the carrier, it must first be shown that the injury complained of resulted from the breaking of machinery, collision, derailment of cars, or something improper or unsafe in the conduct of the business or in the appliances of transportation.

Where a passenger on a railroad train, while sitting at the window of a car, was injured by a missile the nature and origin of which were unknown, and there was nothing to connect the accident with a defect in any of the appliances of transportation, or any negligence on the part of the company or its employees, there can be no recovery against the company.

Penna. R. R. Co. v. MacKinney, 124 Pa. 462, distinguished.

Argued Feb. 18, 1892. Appeal, No. 157, Jan. T., 1892, by plaintiff, Selim S. Thomas, from judgment of C. P. Lebanon Co., March T., 1891, No. 78, on verdict for defendant. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS and HEYDRICK, JJ.

Trespass to recover for personal injuries sustained while a passenger on defendant's train.

The facts appear by the opinion of the Supreme Court.

The charge of the court below, McPHERSON, J., was as follows:

" Ordinarily when a passenger is injured in the conveyance of the carrier by any means connected with the appliances of transportation or the conduct of the business, a presumption of negligence on the part of the carrier arises, and the case necessarily goes to the jury in connection with such explanation as the carrier may have to offer.

"It is agreed by counsel concerned in this case, and the court entirely concurs therein, that the presumption of negligence does not arise in this case, because the injury is not shown to have been caused by any means connected with the appliances or business of transportation.

" The plaintiff's position is, that, entirely aside from the

presumption, the question of negligence must be submitted to the jury; whereas the defendant contends that there is no evidence upon that subject which would justify the court in submitting the question. We think the defendant's position is sound. The plaintiff has shown an injury, but has given no evidence from which a jury could infer how that injury was caused; there are, therefore, no facts in evidence from which the jury could properly infer negligence on the part of the defendant, and without some proof or presumption to that effect the plaintiff must fail.

" [There being no presumption of negligence in the case, the plaintiff is in the ordinary position of being obliged to produce evidence tending to prove negligence on the part of the defendant. Having failed to do so, in the court's opinion, the verdict must be in favor of the defendant, and the court so instructs you.] [1]

" The accident is one which is much to be regretted, but no reason has been shown why the defendant should be made responsible therefor."

Plaintiff submitted the following point:

" Under all the evidence in this case, the question whether the injury to the plaintiff was caused by the defendant's negligence is for the jury." [2]

Verdict for defendant. Plaintiff appealed.

*Errors assigned* were (1) the portion of the charge in brackets, quoting it; (2) the failure to affirm plaintiff's point, quoting the point.

*Thomas H. Capp, George B. Shock* with him, for appellant, relied on Penn. R. R. Co. v. MacKinney, 124 Pa. 462.

*C. H. Killinger, J. W. Killinger* with him, for appellee.

The burden of proof is upon the plaintiff to establish negligence of the defendant causing the injury, either directly or by circumstances attending the injury from which it can be fairly and reasonably inferred that it was caused by something connected with defendant's business or appliances for transportation: Railroad Co. v. Gibson, 96 Pa. 83; Railroad Co. v. Napheys, 90 Pa. 141; Long v. P. R. R., 147 Pa. 343; Shearman & Redfield on Negligence, section 280.

Appellant's theory of the accident is entirely conjectural, and

juries will not be allowed to guess at the cause of an injury: Ford v. Anderson, 139 Pa. 263; Huey v. Gahlenbeck, 121 Pa. 238.

OPINION BY MR. CHIEF JUSTICE PAXSON, March 28, 1892:

On June 5, 1890, the appellant was a passenger on the cars of the defendant company. He was seated at an open window, and in the vicinity of Pottstown was struck on the arm by a missile with sufficient force to cause a fracture thereof. It was not shown what caused the injury; the appellant did not see the missile, nor was it found in the car. There was no evidence that any one was near the train on the outside who could have inflicted the injury. This suit was brought to recover damages for the injury referred to. The theory of the appellant was that it was caused by a loose nut, thrown from one of the switches of the defendant's roadbed, over which the train was passing at the time. This was a mere theory, however, without any evidence to sustain it. The appellant contended that, under such circumstances, the question of the defendant's negligence should have been submitted to the jury. The court took a contrary view of the case, and directed a verdict for the defendant. This is the error assigned.

The learned counsel for the appellant relied upon Pa. R. R. v. MacKinney, 124 Pa. 462. That case differs widely from this in its facts. There the plaintiff received a violent blow on his left eye, causing the injury of which he complained. The nature of the injury indicated that he had been struck by some hard substance, hurled with considerable force. A surgical examination of the eye, made on his arrival in Philadelphia, showed that it was probably a piece of coal. Small particles of some hard substance, resembling coal, were found and removed from the injured organ. It also appeared that, at the time he was struck, he saw through the open window, at which he was sitting, one of the company's trains, passing in the opposite direction, immediately on the left of the train on which he was being carried; that, simultaneously with receiving the blow, the engine of that train was directly opposite the window, and was thus interposed between him and that side of the railroad and land adjacent thereto. That fact, it was claimed by him, negatived any inference that the injury resulted from the

act of a stranger, or any one not connected with the operation of the road.

Under such circumstances, this court held, that the learned judge below erred in directing the jury to begin their consideration of the case " with the fact established that the injuries were the result of negligence of the defendant," and that the rule of Laing v. Colder, 8 Pa. 481, and other like cases, that a presumption of negligence, on the part of the carrier, arises when a passenger is injured in the course of transportation, cannot be invoked without evidence tending to connect the carrier, or its employees, or some of the appliances of transportation, with the happening of the injury.

The rule appears to be that, where a passenger is injured, either by anything done or omitted by the carrier, its employees, or anything connected with the appliances of transportation, the burden of proof is upon the carrier to show that such injury was in no way the result of its negligence. But to throw this burden upon the carrier, it must first be shown that the injury complained of resulted from the breaking of machinery, collision, derailment of cars, or something improper or unsafe in the conduct of the business, or in the appliances of transportation.

In Railroad v. MacKinney, supra, there was evidence from which a jury might infer that the injury was the result of some negligence on the part of one or more of the employees of the company, and which excluded, to some extent, the inference that it could have occurred at the hand of a stranger, or some one not connected with the company. There is an absence of such proof in the case in hand. There was no passing train. The missile, whatever its character, evidently came from without, and was not recognized. As before observed, there was no evidence that it was a nut, and it is at least extremely improbable that such a thing could have been hurled into the car window by the movement of the train. There was nothing in the evidence to connect the accident with any defect in the cars, or machinery, the movement of the train, or in any of the appliances of transportation. There was nothing, therefore, to submit to a jury. It would be as reasonable to hold that a bullet fired into the car from without, by means of which a passenger is killed, is evidence of negligence on the part of the company.

Judgment affirmed.