Spencer vs. Chicago, Milwaukee & St. Paul R. Co.

SPENCER, Appellant, vs. CHICAGO, MILWAUKEE & ST. PAUL
RAILWAY COMPANY, Respondent.

|105   311|
|108    69|

*December 19, 1899 — January 9, 1900.*

*Railroads: Personal injuries: Certainty of evidence to support a verdict.*

1. Verdicts must be founded upon evidence that convinces the mind.
   They cannot rest on mere speculation, guess, or conjecture.
2. Plaintiff, riding on defendant's train, and receiving an injury from
   a stream of water entering the car window, cannot recover with-
   out giving evidence tending, in some tangible way, to show that
   the accident resulted from something connected with the operation
   of the railway.
3. A question asked a witness, in such a case, as to whether he knew of
   water escaping from a certain water tank of defendant at any
   time when the valve was not intentionally pulled, is improper,
   where there is no sufficient evidence in the case to justify a find-
   ing that the water came into the car at that point, and nothing in
   the question to fix the time of the unintentional flow of water at
   or prior to the time of the accident.

APPEAL from a judgment of the circuit court for Walworth
county: FRANK M. FISH, Circuit Judge. *Affirmed.*

This is an action for personal injuries, and the plaintiff
appeals from a judgment of nonsuit. It appears from the
evidence that the plaintiff was a passenger upon the defend-
ant's railway on the 3d day of September, 1895, and was
riding upon one of the defendant's trains from the city of
Chicago to a station called Western Union Junction, in Ra-
cine county, Wisconsin, on the afternoon of that day. She
was riding upon the east or right-hand side of the car, and,
the day being warm, the car window was open. She was
nearly or quite asleep, with her head leaning back against
the back of the seat, when a stream of dirty water came
through the open window, and struck her on the side of
the head with considerable force, wetting her considerably.
Her testimony tended to show that the water penetrated
her ear, and caused serious trouble thereafter with that

organ. The plaintiff herself had no knowledge of where the water came from. But one witness was called who attempted to give any testimony as to the source of the stream of water. This witness was a man named Young, who was also a passenger upon the car. He testified that he saw *Mrs. Spencer* upon the train, and that when the train was about half way between Chicago and Western Union Junction some water splashed into the open window ahead of him, and on the panes of the other windows along the side of the car; that it was a fair-sized stream, and came with quite a little force, and ran along the whole side of the car; that he could not state positively where it came from; that there was some object or building,—he did not know whether it was a building or object, but it was his impression that it was a water tank, but he could not state positively; that he judged the train was running forty or fifty miles an hour; that it did not stop between Chicago and Western Union Junction; that he thought it was in the neighborhood of Wadsworth station; that he knew that station was about halfway between Western Union Junction and Chicago, and that the train was nearly halfway from Chicago at the time; that that was all he knew that would connect this accident with the proximity of Wadsworth; that he knew that Wadsworth is nearly halfway between Western Union Junction and Chicago; that his impression was that it was somewhere about halfway between Chicago and Western Union Junction, and that, if Wadsworth is about halfway, it might have been at Wadsworth; that he did not know that he saw a structure, and could not state whether it was a water tank, building, or what it was; that when the water struck the window it attracted his attention, and he turned in that direction, but not quick enough to ascertain what shape, or where the water came from; that he could not state positively; that he remembered they were passing through a town, or some little village, or near a station; that he could

not swear there was a station near that car at the time the water came in; that he had no personal knowledge as to what town it was, or what the structure was; that he had the impression that about that time they passed some kind of a structure, and that was as far as he could go.

It appeared in the evidence by the examination of other witnesses that the station called Wadsworth is nineteen miles south of Western Union Junction, and is a place of about 200 inhabitants, and that it is nearly forty-three miles from Chicago; that the railroad was a double-track railroad, the trains going north using the east track; that there are two water tanks at that station, the north tank being about 150 feet from the station building. It was stipulated that the only water tanks on the east side of the defendant's track from Deerfield, in the state of Illinois, to Western Union Junction, in the state of Wisconsin, are at Wadsworth, Illinois, and that Deerfield is 23.8 miles from Chicago, and that this was the situation in September, 1895.

For the appellant there was a brief by *Fethers, Jeffris & Mouat*, and oral argument by *M. G. Jeffris*.

For the respondent there was a brief by *C. B. Sumner*, attorney, and *H. H. Field*, of counsel, and oral argument by *Mr. Field*.

WINSLOW, J. It seems entirely plain that the impression of the witness Young that the train was passing a structure of some kind at the time the water came in the car was, at best, a mere conjecture, and that his further idea that such structure might have been a water tank was a conjecture founded upon a conjecture. Verdicts must be founded upon evidence which convinces the mind. They cannot rest on mere speculation, guess, or conjecture. *Hyer v. Janesville*, 101 Wis. 371. While some of the earlier cases approved the doctrine that the mere happening of an accident on a railway raised a presumption of negligence in favor of the pas-

senger, this doctrine is now abandoned, and it is quite universally held that the evidence must go further, and tend in some tangible way to show that the accident resulted from something connected with the operation of the railway. 2 Fetter, Carriers of Passengers, § 480; Buswell, Personal Injuries (2d ed.), 184; 2 Shearm. & Redf. Neg. (5th ed.), § 516. Thus the mere unexplained fact that a missile entered the car and injured the passenger is insufficient. *Saunders v. C. & N. W. R. Co.* 6 S. Dak. 40; *Thomas v. P. & R. R. Co.* 148 Pa. St. 180. So we must hold in the present case that the mere unexplained fact that a stream of water entered the window of the car is not sufficient evidence to raise a presumption of negligence on the part of the railway company.

Error is alleged because of certain rulings on evidence. A witness was called who worked for the defendant at the Wadsworth station at and prior to the time of the accident, and the question was asked him whether he knew of the water escaping from the north tank at Wadsworth at any time when the valve was not intentionally pulled. An objection to this question as incompetent, immaterial, and indefinite as to time was sustained. This ruling was right for two reasons: (1) because there was no sufficient evidence to justify a finding that the water came into the car at or near Wadsworth; and (2) because none of the questions fixed the time of such unintentional flow of water at or prior to the time of the accident.

*By the Court.*— Judgment affirmed.