## KERN et al. v. SNIDER.

(Circuit Court of Appeals, Seventh Circuit. April 10, 1906.)

No. 1,219.

1. EVIDENCE—SUFFICIENCY—QUESTION FOR JURY.

A verdict cannot rest on mere conjecture, but there must be some direct evidence of fact or circumstance from which a jury would be warranted in saying that the inferences therefrom clearly preponderate in favor of the existence of the fact, in order to take the case to the jury.

[Ed. Note.—For cases in point, see vol. 20, Cent. Dig. Evidence, §§ 2446, 2449; vol. 46, Cent. Dig. Trial, §§ 338–340.]

2. TRIAL—INSTRUCTIONS—APPLICABILITY TO EVIDENCE—TYING HORSE IN STREET —INJURIES TO PEDESTRIAN.

In an action for injuries to plaintiff, who was struck by a wagon drawn by a runaway horse, the cause of the horse's fright was not shown, but it appeared that the strap by which the horse was held was weak, that it was tied low, and was broken before the horse reared and started to run. Held, that a request to charge that, if the jury found that the fright of the horse was so great that no strap such as an ordinarily prudent man would have used would have been sufficient to hold the horse, then the verdict should be for defendants, was properly refused, as misleading the jury to conjecture that the fright might have occurred before the strap broke and was the result of some act or occurrence not proved.

3. MUNICIPAL CORPORATIONS—STREETS—NEGLIGENCE IN TYING HORSE—INJURY TO PEDESTRIAN—EVIDENCE.

Where a pedestrian was injured by a wagon drawn by a runaway horse, and it was shown that the strap by which the horse was tied was weak, that it was tied low, and was broken before the horse reared and started to run, it was sufficiently shown that the weak strap was the cause of the injury, to sustain a verdict for plaintiff.

4. APPEAL—DAMAGES—EXCESSIVENESS—REVIEW.

Where, in an action for personal injuries, a verdict in favor of plaintiff for $5,000 was cut down to $2,000 by the trial judge as a condition to denying a motion for a new trial, on the ground that the injury was not permanent, and plaintiff accepted such reduced amount, the judgment would not be reversed on appeal because such amount was still excessive.

In Error to the Circuit Court of the United States for the Eastern District of Wisconsin.

Action to recover damages for a personal injury suffered through the alleged negligence of the servant of the plaintiffs in error. There was a verdict for defendants in error for $5,000. On motion for new trial the court below found that the injury was not permanent in its character, and ordered a new trial, unless defendants in error should elect to remit $3,000, and take judgment for $2,000. They so elected, judgment was entered accordingly, and writ of error to review the same sued out.

Frank M. Hoyt, for plaintiffs in error.

Morse Ives, for defendants in error.

Before GROSSCUP and BAKER, Circuit Judges, and SANBORN, District Judge.

SANBORN, District Judge. The injury complained of was sustained June 4, 1903, about 3 p. m. Defendants' servant, engaged in taking orders for the sale of flour, was using a horse and buggy in

the business. He visited a bakery at No. 1000 Lake street, Chicago, and hitched the horse in front of a saloon opposite the bakery, near the corner of Lake street and Western avenue. There was a double-track surface street railway on Western avenue, and the cars ran each way, some four or five minutes apart. There was also an elevated railway in Lake street, the cars running every five or six minutes, with from two to four cars to the train; also a surface street car line on Lake street, on which the cars run every six or seven minutes. The elevated trains make a great noise. The horse was 10 or 12 years old, very gentle, and accustomed to the sights and sounds of the city. He was accustomed to go between railroad tracks and between and about automobiles and never had given any trouble; was not afraid of electric cars, elevated trains, or automobiles; papers blowing towards him would not occasion fright. When left standing on business streets he was always hitched, but on others was often left without tying. On the day mentioned the horse was tied by putting the tie strap, hitched to the ordinary weight, through a ring in the cement sidewalk, about a foot above the roadway, and then up to the bridle. The strap had been in use about a year, and had been used some 2,000 times. It had been partly torn through, and, according to some of the testimony, was so rotten that it could be pulled apart with the fingers. At the time the horse was hitched some boys were playing near by, throwing small stones from one to the other, and were cautioned by the salesman not to hit the horse. Some of the witnesses noticed the horse standing hitched in front of the saloon, but no one noticed him when he broke away, after which witnesses in the saloon saw him on the cement walk, with his head close to the saloon window. He then sprang up or reared as if he was going through the window, and then turned and ran east on the sidewalk on Lake street. The plaintiff, a boy then seven years old, came out on the walk and was struck on the head by one of the buggy wheels, causing the injury complained of. After running a block or so the horse slowed down and was readily caught. After the accident the boy was unconscious for four days, but was out again in about three weeks. Plaintiff gave testimony to show a permanent injury, but the court charged the jury, and on the motion for new trial afterwards held, that all the evidence showed only a temporary injury; as already stated the plaintiff accepted a judgment for $2,000, which defendant insists is still too large.

Several errors are assigned, of which only two were pressed on the argument. No exception was taken to the charge, but defendants requested the following instruction:

"Even if you find that the defendants' servant Neumann was negligent in tying the horse in the manner in which, and with the strap with which, the horse was tied, yet, if you find that the fright of the horse was so great that no strap, such as an ordinarily prudent man would have used, would have held the horse, your verdict will be for the defendants."

The instruction asked and refused was not clearly applicable to the facts shown, or to any reasonable inferences from such facts, though perhaps as applicable as any which could have been drawn. Taking a view of the evidence most favorable to defendants in error, the fol-

lowing facts appear: The gentle character of the horse, the fact that he was not afraid of cars or automobiles, the noisy place, the boys throwing stones, the caution given them, the weak strap, tied low, broken before the horse reared, the season of the year, and the fright of the horse. These facts, and all reasonable inferences from them, were before the jury. Among the inferences which the jury might reasonably draw, it may be said that it is an unusual thing for a gentle horse, or any horse, to get on the sidewalk. In the absence of direct evidence of what caused the fright, it may have resulted from fighting flies, and thus getting a forefoot over the strap, followed by such a strain on the strap as would part it, in its weak condition, and cause the fright. The inference is at least as plausible as that the fright occurred before the strap was broken, from the noise, to which the horse was thoroughly accustomed, or a stone thrown by a boy, or some unknown sight, sound, or action.

The question is: Are sufficient facts shown to sustain the verdict? Meaning by facts not only the things shown by evidence, but all reasonable inferences from the things so shown, and shown, also, either by direct or circumstantial evidence. An event which no one saw may none the less be sufficiently explained, and responsibility located, accident rebutted, or a particular design established. A case in point, though generally regarded as an extreme one, is Johns v. N. W. Mutual Relief Ass'n, 90 Wis. 332, 63 N. W. 276, 41 L. R. A. 587. There an insured person was found dead in a cistern. No one saw the occurrence. Accident, and consequent liability on his policy, was alleged. The defense was suicide. The court found that death resulted from suicide, because the opening of the cistern was so small as to almost certainly exclude the possibility of accident.

Here we have several facts clearly established by the testimony, or some of the testimony—the fright, the broken strap, the defective strap, the gentle character of the horse, and that the rearing of the horse was after the strap was broken. Not only do these facts appear, but also all legitimate inferences from these facts. Putting them all together do they show both negligence and anticipation? That is, want of ordinary care, and a result reasonably to be anticipated by that ideal character, an ordinarily prudent man? "Judicial determinations must rest upon facts, and legal liability must be determined by law in application to facts. That does not exclude circumstantial evidence, for such evidence is often the strongest, but it must establish facts." Sorenson v. Menasha Co., 56 Wis. 338, 14 N. W. 446, approved in Clark v. Insurance Co., 111 Wis. 65, 68, 86 N. W. 549. Mere conjecture will not sustain verdicts. They must be founded on evidence which convinces the mind. They cannot rest on mere guess or speculation. Spencer v. Railway Co., 105 Wis. 311, 313, 81 N. W. 407. The mere unexplained fact that water, or some missile, entered a car and injured a passenger is not sufficient. Id.; Thomas v. Railroad Co., 148 Pa. 180, 23 Atl. 989, 15 L. R. A. 416. "Evidence, or an inference therefrom, showing the bare possibility of the existence of a fact in issue, will not do. Verdicts can be based only on reasonable probabilities. Mere possibilities cannot establish probability."

O'Brien v. Railway Co., 102 Wis. 628, 78 N. W. 1084. There must be some direct evidence of a fact, or circumstances from which a jury would be warranted in saying that the inferences therefrom clearly preponderate in favor of the existence of the fact, in order to take the case to the jury. There must be sufficient evidence to remove the question from the realm of mere conjecture. Hyer v. Janesville, 101 Wis. 371, 376, 77 N. W. 729. When there are sufficient facts to go to a jury its finding is conculsive, unless reasonable men must have drawn from the facts a different conclusion. M. K. & T. Ry. Co. v. Byrne, 100 Fed. 359, 40 C. C. A. 402.

A number of conjectures may be made from the evidence, as to the cause of the accident. The noise of an elevated train, or street car, of the boys playing or throwing stones, or some other noise or act, may have caused the fright, followed by such a pull as would have broken a good tie-strap. But these are all possibilities, of uncertain character. On the other hand, responsible facts appear—the weak strap, tied low, its being broken before the horse reared, the fright, and all reasonable inferences which the jury might draw from such facts, and others mentioned. These are enough, we think, to sustain the verdict. The request of defendant to charge that, if the jury found that the fright of the horse was so great that no strap, such as an ordinarily prudent man would have used, would have held the horse, then the verdict should be for defendants, does not tally with the fact that the fright appeared to be after the strap was broken. The instruction, if given, would have permitted conjecture by the jury that the fright might have occurred before the strap broke, and was the result of some noise or act not appearing in evidence, either directly or circumstantially. A responsible cause—the weak strap—appears, which might reasonably have caused the fright, and, in due course, the injury. This is enough to sustain the verdict. To have granted the request would, it seems, have been error against plaintiff.

But it is insisted that the verdict, standing at $2,000, is still excessive, as compensation for a temporary injury, though admittedly a violent and serious one. Here we have the judgment and discretion both of the jury and the trial court in favor of the lessened verdict. Appellate courts are always reluctant to act in such cases, and in no class of cases does the amount of damages rest so largely in the discretion of the trial court and jury as those for personal injuries.

The judgment of the Circuit Court is affirmed.