## MIDLAND VALLEY R. CO. v. FULGHAM.

## FULGHAM v. MIDLAND VALLEY R. CO.

(Circuit Court of Appeals, Eighth Circuit. July 26, 1910.)

Nos. 3,168, 3,284.

*(Syllabus by the Court.)*

1. MASTER AND SERVANT (§ 265*)—INJURY TO SERVANT—RES IPSA LOQUITUR INAPPLICABLE.

The happening of an accident which causes an injury to a servant raises no presumption of any negligence or wrongful act of his master. The doctrine of res ipsa loquitur is inapplicable to actions between employer and employé for injuries by negligence or wrongful act.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 881, 898; Dec. Dig. § 265.*]

2. EVIDENCE (§ 597)—CONJECTURE WILL NOT SUSTAIN VERDICT—SUBSTANTIAL EVIDENCE OF CAUSE OF ACTION INDISPENSABLE.

Conjecture is an unsound and unjust basis for a verdict. Substantial evidence of the facts which constitute the cause of action, in this case of the alleged defect in the lift pin lever and automatic coupler, is indispensable to the maintenance of a verdict sustaining the cause.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2449; Dec. Dig. § 597.*]

3. MASTER AND SERVANT (§ 278*)—INJURIES TO SERVANT—CONJECTURE—SUFFICIENCY OF EVIDENCE—FACTS—CONCLUSION.

A conductor was walking along the side of his train taking the numbers of the cars while his crew was making up the train. Starting at the rear of the train there were, first, three cars; second, a space of 18

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

or 20 feet; third, three more cars; fourth, a space of several feet, and, fifth, a long string of freight cars with the engine at their head. When the conductor reached the rear of the forward three cars, he gave the lift pin lever a jerk, and then reached in to put his hand on, or actually took hold of, the coupler, when the forward end of the train struck the forward end of the three cars in the act of coupling to them, knocked him down and ran over him. The car to which the coupler was attached had been inspected shortly before the accident, and the inspectors had found no defect. Several witnesses examined and operated the coupler and the lift pin lever immediately after the accident and found them in good condition and operating perfectly.

*Held*, in this state of the facts, the verdict of the jury that the coupler was so defective at the time of the accident that "it would not couple automatically by impact without the necessity of men going in between the cars" was based on conjecture, and it cannot be sustained.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 962; Dec. Dig. § 278.*]

4. APPEAL AND ERROR (§ 151*)—COURTS (§ 356*)—CROSS-WRITS AND APPEALS NOT MAINTAINABLE IN FEDERAL COURTS.

Cross-errors are not assignable in the federal courts. Parties who have secured all the relief they seek cannot appeal or sue out a writ of error, nor can they by assigning or arguing cross-errors confer jurisdiction on a national appellate court to consider or determine alleged erroneous rulings not otherwise presented. Guarantee Co. of North America v. Phenix Ins. Co., 59 C. C. A. 376, 379, 124 Fed. 170, 173.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 947, 3053; Dec. Dig. § 151;* Courts, Cent. Dig. § 937; Dec. Dig. § 356.*]

In Error to the Circuit Court of the United States for the Western District of Arkansas.

Action by J. T. Fulgham, administrator of E. C. Pogue, against the Midland Valley Railroad Company. Judgment for plaintiff (167 Fed. 660), and both parties bring error. Judgment reversed on writ of error of defendant, and writ of error of plaintiff dismissed.

Ira D. Oglesby (Edgar A. de Meules, on the brief), for Midland Valley R. Co.

Oscar L. Miles, for Fulgham.

Before SANBORN, HOOK, and ADAMS, Circuit Judges.

SANBORN, Circuit Judge. The plaintiff below, the administrator of the estate of E. C. Pogue, brought an action against the Midland Valley Railroad Company for negligence which he alleged caused the death of Mr. Pogue, a former employé of the railroad company and the conductor of a train which his crew was making up at a station at the time of the accident in which he died. When that accident happened, Mr. Pogue was walking along the side of the train with his book in his hand taking the numbers of the cars. Commencing at the rear there were upon this track, first, two or three cars; second, a space of 18 or 20 feet; third, a bunch of three cars; fourth, a space of several feet; and, fifth, a long train of freight cars with an engine at the head which the engineer and brakemen were about to couple to the three cars nearest to that part of the train. As, pursuant to signals from the brakeman, the engineer backed this part of the train to make the coupling, Pogue took hold of the lift pin lever at the rear of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

the forward three cars and gave it a jerk. It made such a click as it commonly makes when it opens the coupler and as it sometimes makes when it cocks, but fails to open it. Pogue released the lever, reached his hand in, and placed it near or upon the coupler, and at that instant the forward part of the train struck the three cars, knocked him down, and ran over him. In his complaint the plaintiff charged two acts of negligence: (1) That the lift pin lever of the coupler would not open the automatic coupler, and therefore the latter would not couple automatically by impact without the necessity of an employé going between the cars to effect the coupling; and (2) that the engineer sent the cars back too rapidly and forcibly. The jury found that the engineer was not guilty of any negligence, but that the coupler was so defective that it would not couple automatically by impact without the necessity of men going in between the cars, and they returned a verdict against the company.

It is assigned as error that the court denied a request of the defendant that it charge the jury that the evidence was not sufficient to sustain the plaintiff's allegation with respect to the alleged defect in the coupler and that they should find for the defendant upon that issue. This specification presents the issue whether or not, when all the testimony and the natural and rational inferences from it are carefully considered, there was any substantial evidence that this coupler was defective. Upon this issue the testimony was that Pogue first took hold of the lift pin lever and jerked it, and then stepped in between the cars, and either placed his hand upon the coupler or was about to do so when he was knocked down; that couplers sometimes get rusty and it requires two or three jerks of the levers to open them; and that sometimes a jerk of the lever will cock the knuckle, but will not open the coupler, and then it is necessary for an employé to go between the cars and open it. Immediately after the accident and on the same day, the lever and coupler were examined and operated by several witnesses who testified that they were without defects and operated perfectly. No witness came to say that either the lever or the coupler was defective or inoperative in any way at the time of, or before or after, the accident. Nevertheless counsel for the plaintiff insist that it was a permissible inference that they were thus defective which the jury might lawfully deduce from the fact that after jerking the lever Pogue stepped in between the cars and put, or sought to put, his hand upon the coupler. But this inference rests upon two conjectures, the conjecture that the reason for attempting to put his hand on the coupler was that it was closed and he desired to open it, and the further conjecture that he was unable to open it by the use of the lever. Moreover, these are not the only conjectures which the accident presents and suggests. We may as well conjecture that the coupler was open before Pogue moved the lever, and that he jerked it to test its operation and stepped in to examine the pin or some part of the coupler; that the coupler was closed when he approached it; that he drew the pin by his jerk of the lever and then stepped in to examine some part of the pin or coupler, and, in view of the fact that inspectors who examined the coupler shortly before the accident found no defect in it and of the fact that employés who used it immediately afterward testi-

fied that it had no defect and operated perfectly, the conjecture that the cause of·the deceased's entry between the cars was his curiosity and not the necessity to go between them to open the coupler is at least as rational as that the company failed to furnish or to maintain an operative coupler.

The plaintiff expressly alleged in his complaint that this cause of action arose under the act of Congress approved April· 22, 1908, entitled "An act relating·to the liability of common carriers by railroads to their employees in certain cases" (Act April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. Supp. 1909, p. 1171]), which allows a recovery for the causal negligence of railroad companies engaged in interstate commerce. But the act of negligence charged was also a violation of a penal statute, of the safety appliance act as amended, which prescribes a penalty for a failure by a railroad company engaged in interstate commerce to furnish and maintain automatic couplers. Act March 2, 1893, c. 196,. 27 Stat. 531 (U. S. Comp. St. 1901, p. 3174); Act April 1, 1896, c. 87, 29 Stat. 85; Act March 2, 1903, c. 976, 32 Stat. 943 (U. S. Comp. St. Supp. 1909, p. 1143). The case is therefore founded upon a charge of negligence and of violation of a penal statute, and the law which governs a case of this nature is nowhere better stated than by Mr. Justice Brewer in Patton v. Texas & Pacific Railway Company, 179 U. S. 658, 663, 21 Sup. Ct. 275, 277 (45 L. Ed. 361). He said:

"First. That while in the case of a passenger the fact of an accident carries with it a presumption of negligence on the part of the carrier, a presumption which in the absence of some explanation or proof to the contrary is sufficient to sustain a verdict against him, for there is· prima facie a breach of his contract to carry safely (Stokes v. Saltonstall, 13 Pet. 181 [10 L. Ed. 115]; Railroad Company v. Pollard, 22 Wall. 341 [22 L. Ed. 877]; Gleeson v. Virginia Midland Railroad, 140 U. S. 435, 443 [11 Sup. Ct. 859, 35 L. Ed. 458], a different rule obtains as to an employé. The fact of accident carries with it no presumption of negligence on the part of the employer, and it is an affirmative fact for the injured employé to establish that the employer has been guilty of negligence. Texas & Pacific Railway v. Barrett, 166 U. S. 617 [17 Sup. Ct. 707, 41 L. Ed. 1136]. Second. That in the latter case it is not sufficient for the employé to show that the employer may have been guilty of negligence. The evidence must point to the fact that he was. And where the testimony leaves the matter uncertain and shows that any one of half a dozen things may have brought about the injury, for some of which the employer is responsible and for some of which he is not, it is not for the jury to guess between these half a dozen causes and find that the negligence of the employer was the real cause, when there is no satisfactory foundation in the testimony for that conclusion. If the employé is unable to adduce sufficient evidence to show negligence on the part of the employer, it is only one of the many cases in which the plaintiff fails in his testimony, and no mere sympathy for.the unfortunate victim of an accident justifies any departure·from settled rules of proof resting upon all plaintiffs."

The application of these rules to the facts disclosed by this record necessitates a reversal of the judgment below. The case came to the trial court with the legal presumption that the defendant had furnished and maintained a lawful ·and operative lever and automatic coupler, for the legal presumption is that every one obeys the laws and discharges his duty. The plaintiff averred that the defendant had negligently failed to maintain a lawful lift pin lever and coupler, and that this failure had caused the deceased to step between the cars and be

killed. He proved that Pogue stepped between the cars and was killed, but he produced no evidence that the lift pin lever did not open the coupler when Pogue jerked it, or that the lever or the coupler were in any way defective or inoperative. All the witnesses who examined the coupler or the lever before or after the accident found them operative and in perfect condition. The result is that the conclusion of the jury that the coupler was defective was a mere conjecture; that there was no evidence in the case of any such defect; that the legal presumption that the defendant had furnished and maintained a lawful coupler was not overcome, but still prevailed; that this presumption was sustained by the evidence of all the witnesses who examined the coupling apparatus; and that the guess of the jury was without substantial evidence to sustain it.

The doctrine of res ipsa loquitur is inapplicable to actions between employers and employés for negligence or other wrongs. The happening of an accident which injures an employé raises no presumption of wrong or negligence by the employer. Chicago & Northwestern Ry. Co. v. O'Brien, 67 C. C. A. 421, 424, 426, 132 Fed. 593, 596, 598; Northern Pacific Ry. Co. v. Dixon, 139 Fed. 737, 740, 71 C. C. A. 555, 558; Cryder v. Chicago, R. I. & Pac. Ry. Co., 81 C. C. A. 559, 561, 152 Fed. 417, 419.

Conjecture is an unsound and unjust foundation for a verdict. Juries may not legally guess the money or property of one litigant to another. Substantial evidence of the facts which constitute the cause of action in this case of the alleged defect in the lift pin lever and the coupler is indispensable to the maintenance of a verdict sustaining it. Missouri, K. & T. Ry. Co. v. Foreman, 98 C. C. A. 281, 174 Fed. 377, 383; Kern v. Snider, 76 C. C. A. 201, 203, 145 Fed. 327, 329; Spencer v. Railway Company, 105 Wis. 311, 313, 81 N. W. 407; Thomas v. Railroad Company, 148 Pa. 180, 23 Atl. 989, 15 L. R. A. 416; Hyer v. Janesville, 101 Wis. 371, 376, 77 N. W. 729.

There are various other assignments of error presented and argued by counsel for the railroad company, among others, the constitutionality of the act of April 22, 1908, but as the latter question is pending before the Supreme Court and it is not necessary in this case to consider it, or any of the other assignments of error, they are left without discussion. The judgment is accordingly reversed and the case is remanded to the court below with directions to grant a new trial.

The plaintiff below, although successful in obtaining a judgment for $7,500, sued out a writ of error and assigned several errors in the trial of the case, but at the argument his counsel stated that he did not desire a reversal of the case on account of the errors which had occurred in the trial below, but desired its affirmance, and abandoned his writ of error. Parties who have secured by judgment below relief with which they are content cannot confer jurisdiction upon an appellate court to hear, to consider, or to decide questions suggested by an assignment or by an argument of alleged errors in the trial by suing out writs of error or taking appeals. Guarantee Co. of North Americ v. Phenix Ins. Co., 59 C. C. A. 376, 379, 124 Fed. 170, 173; Rogers v. Penobscot Mining Co., 83 C. C. A. 380, 384, 154 Fed. 606, 610.

They must await their defeat. If that never comes, they will never suffer from the errors which they seek to suggest. If a judgment or decree is ultimately rendered against them, they will then have an opportunity to secure a review of any rulings of the court from which they have suffered injury.

The writ of error of the administrator is accordingly dismissed.