# MARIA REYES DE LOPEZ, Plff.,

*v.*

# SUC. DE SAINTE JEANNE, Dft.

San Juan, Law, No. 966.

### EMPLOYERS' LIABILITY ACT.

Local Employers' Liability Act—Notice.

1. If a suit under the Porto Rican employers' liability act is brought within six months, no notice is required by statute. The words "and" and "or" are frequently used incorrectly, and in the construction of statutes are sometimes held to mean the same thing.

Same—Widow.

2. The widow practically takes the place of the deceased as plaintiff, and must allege and prove that the deceased was in the exercise of due care and diligence at the time of the accident.

Practice—Direction of Verdict.

3. Where the plaintiff has omitted some element necessary to make out his case, there is nothing to go to the jury and the court can direct the verdict. This applies if there is nothing substantial to go to the jury. If there is so little in favor of the plaintiff that the court would set aside the verdict, the court may take the case from the jury without waiting for a verdict.

New Trial—Discretionary.

4. In Federal courts a new trial is discretionary with the court, and not subject to exception or appeal. The point is not whether the judge would have come to the same conclusion as the jury, but whether the verdict was such as reasonable men ought to come to. If not, a new trial should be granted.

NOTE.—As to knowledge as element of employer's liability, see note in 41 L.R.A. 33. The doctrine of last clear chance is fully set forth in note in 55 L.R.A. 418.

Reyes de Lopez v. Suc. de Sainte Jeanne.

**Defect in Machinery—Known to Employer.**

5. Where an employer sends an employee of a different branch of the service upon a truck, the employer must be held to know the condition of the truck.

**Workman—Assumption of Risk.**

6. The workman assumes the ordinary risks of his employment, such as the failure of the master to furnish a reasonably safe place, if the conditions are obvious. A carpenter sent upon a truck does not assume the risk of being jolted off.

**Last Clear Chance—Porto Rico.**

7. The rule obtains in the Federal court of Porto Rico that even if the defendant is negligent, he is not liable if the plaintiff has a last clear chance to avoid accident and does not do so.

**Contributory Negligence—Walking on a Moving Truck.**

8. Where it appears from the evidence that the plaintiff's intestate was seated on a loaded truck and fell off after he got up and was walking along the truck while it was in motion, the conclusion is strong that he contributed to the accident.

Opinion filed April 10, 1915.

---

*Messrs. Willis Sweet* and *Jos. Anderson, Jr.,* for plaintiff.

*Messrs. Herminio Diaz* and *H. G. Molina* for defendant.

HAMILTON, Judge, delivered the following opinion:

The complaint in this case was properly tendered within six months after the accident, and the court held that it could, for the purposes of the case, be considered as filed within that period. Lopez v. Sucreries Centrale Sainte Jeanne, 6 Porto Rico Rep. 472. The case went to trial and resulted in a verdict for the plaintiff for $1,500. The defendant filed a motion

Reyes de Lopez v. Suc. de Sainte Jeanne.

for a new trial on seven grounds, which are set out. Some of these are general, referring to "certain instructions requested" and to "certain instructions requested by the defendant," and probably the matter can be more easily discussed under the heads directly raised in the argument of the motion.

1. The first point to be considered is that the notice to the employer required by statute was neither pleaded nor proved. Section 6 of the local employers' liability act, § 921 of the Revised Statutes of Porto Rico, says: "That no action for the recovery of damages for injury or death under the provisions of this act shall be maintained unless notice of the time, place, and cause of the injury is given to the employer within thirty days after the injury is received, or unless it is commenced within six months from the date of the injury. The notice required by this section shall be in writing, signed by the person injured or by someone in his behalf; but if from physical or mental incapacity it is impossible for the person injured to give notice within the time provided in said section, he may give the same within ten days after the incapacity is removed, and in case of his death without having given the notice and without having been at any time after his injury of sufficient capacity to give the notice, the person or persons entitled to claim compensation pursuant to the provisions of this act, or their representatives, may give such notice within thirty days after the death of such employee. But no notice given under the provisions of this section shall be deemed to be invalid or insufficient solely by reason of any inaccuracy in stating the time, place, or cause of the injury: Provided, it is shown that there was no intention to mislead, and that the party entitled to notice was not in fact misled thereby."

Reyes de Lopez v. Suc. de Sainte Jeanne.

The complaint does not allege that such notice was given, nor was there any proof on this point. For the purposes of this motion it seems to be conceded that no such notice was given. It is contended by the plaintiff that where a suit is brought within six months no notice is required by statute, and for the purposes of this motion the court will hold that this suit is to be considered as brought from the time of the tender of the complaint, that is to say, within six months after the accident.

There is no doubt that the popular use of "or" and "and" is frequently incorrect, and that, while they are not precisely interchangeable, their strict meaning is more readily departed from than in the case of other words, and one may sometimes be read in place of the other when required by the text. Witherspoon v. Jernigan, 97 Tex. 98, 76 S. W. 445, 447. "Or" is sometimes held to mean the same as "and" or even "nor." Vicksburg, S. & P. R. Co. v. Goodenough, 108 La. 442, 66 L.R.A. 314, 32 So. 404.

This very point has been, in principle at least, passed upon by the local supreme court in construing this local employers' liability law, and the conclusion was reached that notice is not required where the suit was brought within six months. Pérez v. Guánica Centrale, 17 P. R. R. 927. It is true that this construction leaves the statute without any expressed limitation, for it would imply that suits may be brought after six months provided notice is given. The general rules as declared in the law of prescription, however, would apply. As to the construction of local statutes the Federal courts are to be guided by the decisions of the highest local courts, under § 721 of U. S. Revised Statutes, Comp. Stat. 1913, § 1538.

Reyes de Lopez v. Suc. de Sainte Jeanne.

2. Under the local employers' liability law the right is given the widow to bring such suit for damages caused by the death of such employee. Act of Porto Rico, March 1, 1902, § 4. The statute does not in so many words say that in such case the widow must prove the deceased was in the exercise of due care and diligence, but, as the widow practically takes the place of the deceased as plaintiff, this may be conceded for the purposes of the present case. In this view it must be alleged and proved that the deceased was in the exercise of due care and diligence at the time of the accident. Morales v. Central Machete, 9 P. R. R. 120, 121; Claudio v. Cortinez, 9 P. R. R. 108, 109; Martinez v. American R. Co. 5 Porto Rico Fed. Rep. 311. The plaintiff was called upon to prove a negative, or rather to show that decedent was exercising care. As no one saw the accident itself, the only way decedent's care could be shown was by inference from pre-existing facts, and these were sufficient to submit to the jury, as was done. Bedford Belt R. Co. v. Brown, 142 Ind. 659, 42 N. E. 359. The evidence showed that the decedent was on the truck by orders of the defendant.

3. The practice on a motion for a new trial is different from that on a motion to direct a verdict made during a trial, although the two are often confounded. The motion, commonly made by the defendant at the end of the plaintiff's evidence, to take the case from the jury or to direct a verdict, has superseded the old practice of demurrer to the evidence, but the principles are not dissimilar. The theory being that the plaintiff has omitted some element necessary to make out his case, there is nothing to go to the jury. Formerly it was said that if there was anything from which the jury could draw an infer-

Reyes de Lopez v. Suc. de Sainte Jeanne.

ence favorable to the plaintiff, the court should not grant the motion. This rule was known as that of scintilla of evidence. but it came to be disapproved in practice. It was illogical that the matter should be permitted to go to the jury at all when the evidence or inference in favor of the plaintiff was so insignificant that the court would have to set aside a verdict for the plaintiff. Mr. Justice Maule said that it was merely an application of the maxim, *De minimis non curat lex,* to say that there is no evidence to go to the jury when there is none which ought reasonably to satisfy the jury. Jewell v. Parr, 13 C. B. 916. As expressed by Mr. Justice Willes: "There is in every case, not merely in those arising on a plea of infancy, a preliminary question which is one of law, *viz.,* whether there is any evidence on which the jury could properly find the question for the party on whom the onus of proof lies. If there is not, the judge ought to withdraw the question from the jury, and direct a nonsuit, if the onus is on the plaintiff, or direct a verdict for the plaintiff if the onus is on the defendant. It was formerly considered necessary in all cases to leave the question to the jury if there was any evidence, even a scintilla, in support of the case; but it is now settled that the question for the judge (subject, of course, to review) is, as stated by Maule, J., in Jewell v. Parr, not whether there is literally no evidence, but whether there is none that ought reasonably to satisfy the jury that the fact sought to be proved is established. In Toomey v. London, B. & S. C. R. Co. 3 C. B. N. S. at p. 150, Williams, J., enunciates the same idea thus: 'It is not enough to say that there was some evidence. . . . A scintilla of evidence . . . clearly would not justify the judge in leaving the case to the jury. There must be evidence on which

they might reasonably and probably conclude that there was negligence,'—the fact in that case to be established." Ryder v. Wombwell, L. R. 4 Exch. 36.

In America the same rule is recognized. Mr. Justice Miller in Pleasants v. Fant, 22 Wall. 116, 22 L. ed. 780, expressed it that "recent decisions of high authority have established a more reasonable rule, that in every case, before the evidence is left to the jury, there is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed. The English cases there cited fully sustain the proposition, and the decisions of this court have generally been to the same effect."

More recently Mr. Justice Day says: "No rule is better established in this court than that which permits a presiding judge to direct a verdict in favor of one of the parties when the testimony and all the inferences which the jury could justifiably draw therefrom would be insufficient to support a different verdict. It is clear that where the court would be bound to set aside a verdict for want of testimony to support it, it may direct a finding in the first instance, and not await the enforcement of its view by granting a new trial. Elliott v. Chicago, M. & St. P. R. Co. 150 U. S. 245, 37 L. ed. 1068, 14 Sup. Ct. Rep. 85; Union P. R. Co. v. McDonald, 152 U. S. 262, 38 L. ed. 434, 14 Sup. Ct. Rep. 619; Anderson County v. Beal, 113 U. S. 227, 28 L. ed. 966, 5 Sup. Ct. Rep. 433; Delaware, L. & W. R. Co. v. Converse, 139 U. S. 469, 35 L. ed. 213, 11 Sup. Ct. Rep. 569." [McGuire v. Blount, 199 U. S. 148, 50 L. ed. 130, 26 Sup. Ct. Rep. 1.]

Reyes de Lopez v. Suc. de Sainte Jeanne.

The action of the court upon such a motion is like all other acts of the court during the trial to which an exception may be reserved, and thus it may be an error to be passed upon on appeal. At the same time it must be remembered that it is an error which is waived by the defendant if he puts witnesses on the stand in support of his defense. This was true in a demurrer to evidence, and the same principle applies on this motion. It often happens that the plaintiff's case is proved by the defendant's witnesses. A defect-in the plaintiff's proof is sometimes supplied by cross-examination of the defendant's witnesses.

Under these principles it does not seem to the court that in the case at bar there was any error in not directing a verdict for the defendant at the close of the plaintiff's evidence. The risk of travel on a loaded truck can hardly be said to have been assumed by one whose regular work for the defendant was as a carpenter, and yet, on the other hand, there was no such imminent danger in the errand that the plaintiff could be said to have contributed to it by going on the truck. At most there was enough evidence on both sides of this question for the case to go to the jury.

4. On the other hand, the matter of granting a new trial is discretionary with the court and is not subject to exception or appeal in the Federal courts. It rests upon a different principle. This is not that the judge would have come to a different conclusion. As expressed by Jessel, M. R.: It "ought not to depend on the question whether the learned judge who tried the action was or not dissatisfied with the verdict, or whether he would have come to the same conclusion as the jury, but whether the verdict was such as reasonable men ought

not to have come to." Solomon v. Bitton, L. R. 8 Q. B. Div.. 177, as corrected by Lord Esher in Webster v. Friedeberg,. L. R. 17 Q. B. Div. 736. Tidd states the practice to be that "a new trial may be moved for on account of the error or mistake of the jury in finding a verdict without or contrary to evidence. But where there is evidence on both sides it is not usual to grant a new trial, unless the evidence for the prevailing party be very slight." 2 Tidd, Pr. 907, 908. As expressed by Chief Justice Parsons: "We may and we ought to grant a new trial when the verdict is against the evidence or when it is manifestly against the weight of the evidence. In such cases the facts ought to be inquired into by another jury." Hammond v. Wadhams, 5 Mass. 353, 355. It should stand unless it is such that a jury, viewing the whole of the evidence reasonably, could not properly find such a verdict. Phillips v. Martin, L. R. 15 App. Cas. 194. The American rule is substantially the same. As stated by Mr. Justice Miller, the question for the court is not whether, on all the evidence, the preponderating weight is in favor of the party winning, for that is the business of the jury; "but, conceding to all the evidence offered the greatest probative force which, according to the law of evidence, it is fairly entitled to, is it sufficient to justify a verdict? If it does not, then it is the duty of the court after a verdict to set it aside and grant a new trial." Pleasants v. Fant, supra.

As Judge Lurton expresses it, the defect which justifies setting aside a verdict and granting a new trial is insufficiency in fact, that is, the facts proved are insufficient, giving them all' their proper. probative force, to sustain the verdict rendered.. Mt. Adams & E. P. Inclined R. Co. v. Lowery, 20 C. C. A.. 596, 43 U. S. App. 408, 74 Fed. 476.

5. Let us apply these principles to the case at bar. The suit here was for the death of an employee as a result of a personal injury caused: "1. By reason of any defect in the ways, works, or machinery connected with or used in the business of the employer, which arose from, or had not been discovered or remedied owing to, the negligence of the employer or of any person in the service of the employer, or intrusted by him with the duty of seeing that the ways, works, or machinery, were in proper condition."

The particular defect sued on was the dangerous condition of the truck on which decedent was sent, due to the fact that the truck was loaded with iron pipe and there were no side stakes or anything else for the decedent to hold on to. It cannot be said that this defect was one which was not discovered by the employer, because the employer furnished the truck in the condition in which it was used. The employer must be held to know the condition of the truck, and the question in this case is whether its condition caused the accident, or whether the decedent's acts caused or contributed to the accident. It is true that the plaintiff cannot recover where the legitimate inferences from the evidence are so uncertain in character as to amount merely to speculation or guess. Conjecture is an unjust foundation for a verdict, and juries may not legally guess the money of one litigant to another. Substantial evidence of the facts which constitute the cause of action is indispensable to a verdict. Midland Valley R. Co. v. Fulgham, L.R.A.——, ——, 104 C. C. A. 151, 181 Fed. 95.

6. A workman assumes the ordinary risks of his employment. Diaz v. Fajardo Development Co. 2 Porto Rico Fed. Rep. 160; Didricksen v. American R. Co. 5 Porto Rico Fed.

Reyes de Lopez v. Suc. de Sainte Jeanne.

Rep. 412; Bezares v. Caguas Tramway Co. 16 P. R. R. 350; Marquez v. New York & P. R. S. S. Co. 17 P. R. R. 526; Rosa v. New York & P. R. S. S. Co. 20 P. R. R. 439. Among such risks are those which arise from the failure of the master to do his duty in furnishing a reasonably safe place to work where the conditions are obvious. Glenmont Lumber Co. v. Roy, 61 C. C. A. 506, 126 Fed. 524, 15 Am. Neg. Rep. 483.

Employers, however, have a right to decide how their work shall be performed. They may employ men to work with dangerous instruments and in unsafe places, without incurring liability for injuries sustained by workmen who could or ought to know the hazards of the service which they have chosen to enter. McGorty v. Southern New England Teleph. Co. 69 Conn. 635, 61 Am. St. Rep. 62, 38 Atl. 359, 4 Am. Neg. Rep. 19. This rule extends also to injuries due to conditions of an abnormal or transitory nature. Labatt, Mast. & S. §§ 952, 955.

It cannot be said, however, that an employee who is a carpenter and is sent by the employer on a loaded truck to work elsewhere necessarily knows or assumes the risk that he will be jolted off the truck. In point of fact, this did not happen for some time and for some distance, if at all. Under the facts of the case it was not such an assumption of risk as the court could visit upon the decedent as a matter of law, and as a matter of fact the jury held that there was no such assumption.

7. The doctrine of the last clear chance holds in Porto Rico and in this court. This is that, even if the defendant is negligent, and the plaintiff has then a clear chance to avoid the accident and does not do so, the plaintiff cannot recover. Garcia v. Georgetti, 4 Porto Rico Fed. Rep. 495; Morales v. San

Juan Light & Transit Co. 4 Porto Rico Fed. Rep. 361; Ubeda
y Salazar v. San Juan Light & Transit Co. 4 Porto Rico Fed.
Rep. 533. But this would not apply in the case at bar. If
the defendant was negligent it was under the pleadings because
the truck was unsafe, and the only way there could have been
a last clear chance for the decedent under such circumstances
would have been for him to jump off. There was not the
slightest evidence that he could have done this with any safety,
and the jury did not err in failing to take this doctrine into
account.

8. The main difficulty of the case is in another direction.
There was the evidence of perhaps more than one witness that
the decedent was seated on a barrel or something else and
apparently was in no danger. That he then got up, and, while
the truck was in motion, tried to go to some other part of it,
and he seems, in doing so, to have fallen off. So far as appears,
nothing would have happened to him if he had remained seated,
and the conclusion is very strong that he contributed to the acci-
dent by getting up and walking on the loaded truck while it
was in motion,—at least this element of the case was not clearly
put to the jury by the instructions given. In this direction,
too, runs the testimony that the decedent, after he fell, told
the chauffeur that nothing would happen to the chauffeur, ap-
parently meaning that the chauffeur was not to blame. The
Sir Garnet Wolseley, 41 Fed. 896; Bedford Belt R. Co. v.
Brown, 142 Ind. 659, 42 N. E. 359. It is true that the jury
may not have believed this evidence, but to the mind of the
court the point was established by a preponderance and by the
weight of the evidence.

Under the principles above discussed, it seems to the court,

therefore, that, conceding the full effect of the evidence as a whole, it is not sufficient to sustain the verdict rendered. As so much depends upon the credibility of the different witnesses, the court would not like to say that the verdict was a miscarriage of justice, but it does not seem a reasonable conclusion from what appears to be the weight of the evidence. It seems to the court, therefore, that it would be right to have a reconsideration of these facts by another jury.

The motion for a new trial is therefore granted, and it is so ordered.