AMOS A. WOOD *vs.* TILESTON AND HOLLINGSWORTH
COMPANY.

Norfolk.   December 10, 1902. — January 7, 1903.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Negligence*, Employer's liability.

The risk of a ladder falling, owing to the splitting of a wooden cleat nailed to the
floor to prevent it from slipping, is an obvious one which a workman in a paper
mill, where such appliances are used, assumes.

It is not negligence in the proprietor of a paper mill toward its employees to fail
to examine cleats, which are nailed to the floor to prevent ladders placed against
them from slipping, to see whether there are nails in every part of the cleats so
that no part can be split off from the rest.

TORT, by an employee in the defendant's paper mill, for injuries from the fall of a step ladder on which the plaintiff was standing while at work, owing to the splitting of a cleat, nailed to the floor to prevent the ladder from slipping and alleged to have been nailed insufficiently. Writ dated October 22, 1900.

In the Superior Court *Mason*, C. J. ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*J. E. Cotter*, for the defendant.

*H. P. Harriman & J. F. Neal*, for the plaintiff.

KNOWLTON, C. J.  The plaintiff worked in the defendant's paper mill, and had occasion very frequently to use a ladder about eight feet long, leading to a platform about eight feet above the floor.  The sides of this ladder, as appears by the model, were made of narrow boards to which steps were fastened, the lower end being cut off at a slant corresponding to the slant at which the ladder would stand, such that when the ladder was put up in a position for use, the cut ends of the boards at the bottom would rest horizontally on the floor, and would have little tendency to slip.  Then at the foot of the ladder, a cleat or pine board about an inch thick and five inches wide, was nailed to the floor with five nails, and notches were cut at each end of the cleat, within or against which the foot of the ladder would rest when it was in use.  There were six or eight similar ladders, adjusted in the same way and leading to

similar platforms connected with the calenders in other parts of the room. While the plaintiff was on the ladder, the cleat upon or against which the foot of the ladder rested, split through from end to end in a new split, starting at the angle of the notch at one end and coming out a considerable distance from the notch at the other. The evidence tended to show that there were no nails in the part of the cleat which split off, and the negligence complained of by the plaintiff was the failure to have the cleat properly nailed.

It hardly seems possible that the ladder, if rightly handled and put in its proper position, could have had such a tendency to slide on the floor as to split the cleat from end to end, and it seems probable that the accident was caused by improper handling of the ladder; but if we assume in favor of the plaintiff that it was rightly used, we come to the question whether there was any evidence of negligence on the part of the defendant.

These arrangements for the use and security of the ladders were a part of the construction of the defendant's paper mill and were there when the plaintiff made his contract of service. The risks attendant upon this use of ladders were open and obvious. There was no guaranty by the defendant that the cleats were nailed with any particular number of nails or with nails in any particular parts of the cleats. If any one cared to know how they were nailed, he had only to look, and he easily could ascertain. Their condition was open and obvious. " So far as risks are obvious pertaining to the apparently permanent features of the business as it is openly conducted, an employer has a right to believe that his employee agrees to assume them." *Murch* v. *Wilson,* 168 Mass. 408. *Content* v. *New York, New Haven, & Hartford Railroad,* 165 Mass. 267. *Rooney* v. *Sewall & Day Cordage Co.* 161 Mass. 153. *Nealand* v. *Lynn & Boston Railroad,* 173 Mass. 42. *Hoard* v. *Blackstone Manuf. Co.* 177 Mass. 69. *Goodes* v. *Boston & Albany Railroad,* 162 Mass. 287. *Kenney* v. *Hingham Cordage Co.* 168 Mass. 278.

We are of opinion that the defendant, when the plaintiff entered its service, owed him no duty to change the arrangement or construction of its works in reference to the slipping of ladders, or to examine the cleats to see whether the nails were in every part from side to side, so that no part could be split off from the rest.                              *Exceptions overruled.*