CRYDER v. CHICAGO, R. I. & P. RY. CO.

(Circuit Court of Appeals, Eighth Circuit. March 19, 1907.)

No. 2,440.

1. MASTER AND SERVANT—LATENT DEFECTS—FAILURE TO DISCOVER AND REMOVE NOT NEGLIGENCE OF MASTER.

The failure of a master or of his inspectors to discover and remove latent defects, which the exercise of ordinary care would not discover, in the place, articles, or machinery with which his servant works, is not negligence on their part, because the discovery and removal of such defects falls beyond the limits of their duty to exercise reasonable care.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 233, 237.]

2. SAME—SERVANT ASSUMES RISK.

The servant assumes the risk of the latent defects in the place, articles, and machinery with which he works, which the ordinary care of the master to make and keep the place, articles, and machinery reasonably safe fails to discover and remove.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 551, 552.]

3. SAME—NEGLIGENCE—PROOF OF INJURY BY NEGLIGENCE OR BY SOME OTHER CAUSE INSUFFICIENT.

Evidence in actions for negligence that the injury was caused by the defendant's want of reasonable care, or by a latent defect, or by some other thing for which he is not responsible, is insufficient, because the burden is on the plaintiff to show that the injury resulted directly from the negligence of the defendant.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 897, 959.]

4. SAME—NEGLIGENCE—LATENT DEFECTS—FACTS—CONCLUSION.

A conductor was descending a ladder on the end of one of the cars of his moving train, when one end of one of the rounds gave way, and he fell and was injured. The car had been cornered, and this was one of five of the six rounds of the ladder which had been bent. The defendant had provided inspectors to examine this and other cars at the station at which the conductor took this train and to cause defects in them to be remedied. After the accident one end of the wood screw which fastened the round which gave way was found newly broken at a point from an inch to an inch and a half within the wood of the car.

*Held*, there was no substantial evidence here of negligence of the defendant or of its inspectors.

(Syllabus by the Court.)

In Error to the Circuit Court of the United States for the District of Kansas.

W. S. Roark (Lee Monroe and W. F. Schoch, on the brief), for plaintiff in error.

Paul E. Walker (M. A. Low, on the brief), for defendant in error.

Before SANBORN, HOOK, and ADAMS, Circuit Judges.

SANBORN, Circuit Judge. The plaintiff was a conductor in the employment of the defendant, a railroad company. About midnight on July 5, 1903, he took his train at Horton, in the state of Kansas. After he had passed two or three stations he went forward on the top of the train until he came to a furniture car. He then attempted to descend on a ladder made of iron rounds about three-quarters of an inch in diameter fastened to the end of this car by wood screws, and, as he placed his hand or foot upon one of them, one end of it gave way, he fell, and was injured by the moving train. The company had furnished inspectors at Horton whose duty it was to examine this and other cars before they were delivered to the conductors and to use reasonable care to cause those found dangerously defective to be repaired. The furniture car had been cornered, and five of the six rounds of the ladder from which the plaintiff fell had been bent. After the accident one end of one of the rounds of the ladder was found to be loose and hanging by the other end. In the loose end of this round was one end of a wood screw, which had fastened it to the car, newly broken. This screw was about four inches long, and it had broken from an inch to an inch and a half within the wood of the car. Upon this state of facts the court sustained a demurrer to the evidence, and this ruling is challenged by the writ.

When one brings an action for damages on account of the negligence of the defendant, he assumes the burden of proving that the defendant was guilty of some breach of duty which caused the injury. The primary legal presumption in such a case is that the defendant and all who were charged with the performance of any part of his duty as a master have properly discharged their respective duties; that the defendant has exercised reasonable care to provide ordinarily safe cars, engines, and rails, and to furnish competent inspectors to examine and keep them in a reasonably safe condition; and that these inspectors have properly discharged their duty.

The breach of duty upon which the plaintiff relied in this case was the alleged failure of the inspectors at Horton to carefully examine and by that examination to discover, and cause a remedy of the defects in the screw, the break of which caused the accident. But the limit of the duty of the inspectors was to exercise ordinary care to examine the car and to remedy the defect, to exercise that degree of care which ordinarily prudent inspectors commonly use under like circumstances. Grand Trunk R. Co. v. Ives, 144 U. S. 408, 411, 416, 12 Sup. Ct. 679, 36 L. Ed. 485; Southern Pacific Co. v. Hetzer, 68 C. C. A. 26, 35, 135 Fed. 272, 281, 1 L. R. A. (N. S.) 288. The only evidence to overcome the legal presumption that they discharged this duty is the fact that the car had been cornered, and five of the rounds of the ladder had been bent, the fact that the screw broke, and the accident itself. But four of the five bent rounds held fast; so that their crooked condition constituted no notice or evidence to the

inspectors that the screw in question was broken or that it would break.

A new fracture of the screw occurred an inch or an inch and a half within the wood of the car.   But this fact fails to overcome the presumption that the inspectors discharged their duty, because the weakness of this screw may have been a latent defect which a reasonably careful inspection of the car would not have disclosed, and the servant assumes the risk of such defects.

The plaintiff was injured by the break of the screw.   But the facts that the screw gave way, and that the plaintiff was thereby injured, are insufficient to establish the negligence of the inspectors or of the defendant, because they do not show whether the injury was caused by negligence in inspection or by a latent defect, and proof that it was caused by the former, and not by the latter, was indispensable to overcome the presumption that the inspectors exercised reasonable care to examine the cars.   The doctrine res ipsa loquitur is inapplicable to cases between master and servant brought to recover damages for negligence.   Patton v. Texas & Pac. R. Co., 179 U. S. 658, 663, 21 Sup. Ct. 275, 45 L. Ed. 361; Chicago & N. W. Ry. Co. v. O'Brien, 67 C. C. A. 421, 424, 426, 132 Fed. 593, 596, 598; Northern Pac. R. Co. v. Dixon, 139 Fed. 737, 740, 71 C. C. A. 555, 558.

The servant assumes the ordinary risks and dangers of his employment which are known to him and those which would be obvious to one of ordinary prudence in similar circumstances.   One of these risks is that which arises from latent defects, which the ordinary care of the master may not discover, in the place, articles, and machinery with which the servant works.   The failure of the master to find and remove such latent defects, which ordinary care is unable to discover, constitutes no negligence on his part, because the limit of his duty is to exercise reasonable care, and the discovery and repair of such defects falls without that limit.   Illinois Cent. R. Co. v. Coughlin, 132 Fed. 801, 802, 65 C. C. A. 101, 102; Hodges v. Kimball, 104 Fed. 745, 753, 44 C. C. A. 193, 201; Killman v. Robert Palmer & Son, etc., Ry. Co., 42 C. C. A. 281, 102 Fed. 224; Carruthers v. C. R. I. & P. Ry. Co., 55 Kan. 600, 605, 40 Pac. 915; Allen v. Union Pac. R. Co., 26 Pac. 297, 298, 7 Utah, 239; Atchison, T. & S. F. R. Co. v. Wagner, 33 Kan. 660, 666, 7 Pac. 204.

There was no substantial evidence that the injury involved in this case was caused by any negligence of the defendant, and the court below properly directed a judgment in its favor.

No opinion is expressed upon the other alleged errors assigned, because, if the rulings challenged were erroneous, it is clear beyond doubt that no prejudice resulted or could have resulted to the plaintiff on their account.   He could not have recovered if these rulings had been otherwise, for he was permitted to introduce all the evidence of causal negligence which he offered, it was insufficient to establish the liability of the defendant, and without proof of that liability he could not have secured a judgment in any event.   Smiley v. Barker, 83 Fed. 684, 687, 28 C. C. A. 9, 12; Bank of Havelock v. Western Union Tel. Co., 141 Fed. 522, 527, 72 C. C. A. 580, 585, 4 L. R. A. (N. S.) 181.

The judgment below is affirmed.