JEFFERYS v. NEBRASKA BRIDGE SUPPLY & LUMBER CO.

(Circuit Court, E. D. Arkansas, N. D. December 19, 1907.)

No. 69.

1. MASTER AND SERVANT—INJURIES TO SERVANT—RES IPSA LOQUITUR.

That an accident occurs resulting in injury to a servant does not raise a presumption of negligence on the part of the employer, but the servant in an action against the master must prove negligence affirmatively.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 881, 898.

Application of doctrine of res ipsa loquitur in action for injuries to servant, see note to Carnegie Steel Co. v. Byers, 82 C. C. A. 121.]

2. SAME—DEFECTIVE APPLIANCES.

Defendant had a contract to sell and deliver timber on board cars to a railroad company, and, when the timber was ready for loading, plaintiff, a railroad timber inspector, was directed to inspect the timber, and while performing this duty was injured by the breaking of a rope by which a log was being rolled on skids onto the car, causing the log to roll back, striking other logs on the ground and causing the injury. *Held*, that proof of such facts was sufficient to raise a presumption of negligence on the part of the timber contractor under the doctrine res ipsa loquitur.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 881.]

## On Motion for Judgment.

The plaintiff was a timber inspector in the employ of the Missouri Pacific Railway Company, and the defendant a contractor, who had a contract to sell and deliver, on board of the cars of the railway company, certain timbers to it. When the defendant was ready to deliver the timbers, plaintiff was directed by his superior officer to inspect them for the purpose of ascertaining if they came up to the specifications required by the terms of the contract, and to see to it that timbers thus inspected and accepted by him were the ones put on board of the cars for final delivery. While thus engaged in the inspection of the timbers, the rope, which was used for the purpose of loading the timbers on the car, broke, causing the log to roll back on the slanting skids on which the logs were moved from the ground to the car, and striking the other logs on the ground, occasioning the injury complained of by the plaintiff. The defendant denied all negligence, and also pleaded contributory negligence on the part of the plaintiff. There was a trial to a jury, and the only evidence introduced on the part of the plaintiff to show negligence were the foregoing facts. Nor was there any evidence introduced on the part of the defendant to show that proper diligence had been exercised in examining the rope which was used for the purpose of ascertaining whether it was in good condition and suitable for the purposes intended. The defendant moved for a peremptory instruction in its favor upon the ground that the mere happening of the accident raised no presumption of negligence, but that it required affirmative proof to establish the fact that it was guilty of negligence. On behalf of the plaintiff the maxim of res ipsa loquitur was invoked. The court being in doubt as to the law, and counsel not being ready to present any authorities on the question, a stipulation was entered into between them that the cause be submitted to the jury on the sole issue of contributory negligence, and, if the jury should find a verdict in favor of the plaintiff on that issue, defendant should have the right to file a motion for a judgment non obstante veredicto, and, if the court should hold that a verdict should have been directed in favor of the defendant, the motion was to be sustained and judgment for the defendant entered; otherwise, judgment was to be entered on the verdict.

Jeffery & Grant and Oldfield & Cole, for plaintiff.

G. O. Boyle and Thomas & Lee, for defendant.

TRIEBER, District Judge (after stating the facts as above). Had the relationship of master and servant existed between the parties to this action, the fact that the accident occurred would raise no presumption of negligence on the part of the employer, and it would have been incumbent upon the plaintiff to prove by affirmative evidence that the employer was guilty of negligence. This is the well-settled rule prevailing in the courts of the United States. Texas & Pac. Ry. v. Barrett, 166 U. S. 617, 17 Sup. Ct. 707, 41 L. Ed. 1136; Patton v. Texas & Pac. Ry. Co., 179 U. S. 658, 21 Sup. Ct. 275, 45 L. Ed. 361; Cryder v. C., R. I. & P. Ry., 152 Fed. 417, 81 C. C. A. 559; I. C. R. R. Co. v. Coughlin, 132 Fed. 801, 65 C. C. A. 101.

Does the maxim of res ipsa loquitur apply to a case of this nature where the party injured is not an employé of the defendant, but rightfully in the place where he was injured in the discharge of a duty due to his employer? The general rule may be said to be that, whenever injuries occur in the conducting of operations which common experience has shown can be safely carried on with the exercise of reasonable diligence, judgment, and care, the mere happening of an accident, unexplained, will be regarded as sufficient to raise a presumption of negligence. The authorities on this point are very numerous, but the application of the rule depends upon the particular facts in each case. Reference to a few of the leading cases will determine whether the rule is applicable to the facts of this case. Leading English cases are Scott v. London Dock Co., 3 Hurl. & C. 596, and Kearney v. Railway Co., L. R. 6, Q. B. 759, 10 C. L. J. 261. In Scott v. London Dock Co., the plaintiff, a custom officer, was upon defendants premises in the discharge of his duty, when six bags of sugar fell upon and injured him. The plaintiff gave no other proof, and it was held by Erle, C. J.:

"There must be a reasonable evidence of negligence. But where the thing is shown to be under the management of the defendant or his servants, and the accident is such as does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from want of care."

In the Kearney Case the plaintiff had been injured while walking along a public highway by a brick which fell from a pier of the defendant's bridge. A train had just passed, and counsel for the defendant submitted that there was no evidence of negligence. But the court (Kelly, C. B.) said:

"There can be no doubt that it was the duty of the defendants who had built this bridge over the highway to take such care that, where danger can be reasonably avoided, the safety of the public using the highway should be provided for. The question, therefore, is whether there was any evidence of negligence on the part of the defendants; and by that we all understand such an amount of evidence as to fairly and reasonably support the finding of the jury. The Lord Chief Justice, in his judgment in the court below, said 'res ipsa loquitur' and I cannot do better than to refer to that judgment. It appears without contradiction that a brick fell out of the pier of the bridge without any assignable cause, excepting the slight vibration caused by a passing train. That one thing then is not only evidence, but conclusive evidence, that it was loose; for otherwise so slight a vibration could not have shook it out of its place.   *  *  *   The bridge had been built two or three years, and it was the

duty of the defendants from time to time to inspect the bridge and ascertain that the brick work was in good order and all the bricks well secured."

Other English cases in which this same rule was applied and to which reference may be had are Byrne v. Boadle, 2 Hurl. & C. 722; Higgs v. Maynard, 12 Jus. (N. S.) 705. And this seems to have been followed by all the highest state courts. In Mulcairns v. Janesville, 67 Wis. 24, 29 N. W. 565, the falling of a wall of a cistern belonging to a city upon a laborer shoveling therein was prima facie evidence of the city's negligence. In Barnowsky v. Helson, 89 Mich. 523, 50 N. W. 989, 15 L. R. A. 33, it was held that:

"The fall of a roof which slipped or tipped to one side and fell while being raised by jack screws creates a presumption of negligence in failing to brace or stay it sufficiently, and, in the absence of explanatory proof, would sustain a recovery for the resulting death of an employé against the one whose duty it was to see that the roof was properly braced.".

Of the numerous cases decided by state courts sustaining this rule the following are in point: Howser v. Railroad Co., 80 Md. 146, 30 Atl. 906, 27 L. R. A. 154, 45 Am. St. Rep. 332; Pastene v. Adams, 49 Cal. 87, Railway Co. v. Hopkins, 54 Ark. 209, 15 S. W. 610, Traction Co. v. Holzencamp, 74 Ohio St. 379, 78 N. E. 529, and Warren v. Kauffman, 2 Phil. (Pa.) 259, where it was held that proof of the fact that water escaped from defendant's hydrant into plaintiff's apartment in the story below raised a presumption of negligence. And this same rule prevails in the courts of the United States. In Inland, etc., Coasting Co. v. Tolson, 139 U. S. 551, 11 Sup. Ct. 653, 35 L. Ed. 270, it was held that the mere fact that a steamboat on a calm day, in smooth water, strikes a properly built wharf with such force as to tear up some of the flooring and injure a person standing thereon, is prima facie evidence of negligence on the part of the boat's crew; the court saying:

"As such damage to a wharf is not ordinarily done by a steamboat under control of her officers and carefully managed by them, evidence that such damage was done in this case was prima facie, and, if unexplained, sufficient evidence of negligence on their part, and the jury might properly be so instructed."

In Stair v. Kane (C. C. A.) 156 Fed. 100, the facts were that the defendant had charge and control of a fire extinguisher which fell and injured the plaintiff, that it had been negligently placed in a window next the stairs which descended from the gallery of a theater, not safely and properly secured, and as a result it fell from the window over the fire escape and down in the street, where it struck and injured the plaintiff, who was just leaving the theater, and it was held that the lessee of the theater was liable; the court saying:

"The latter was compelled by law to provide a fire extinguisher, but it was his duty to put it in a secure place where it would not be liable to fall out and injure a patron or passerby; that obligation accompanying the duty. The petition charges the violation of the obligation to place the fire extinguisher in a secure place. Defendant was negligent in placing it where the ordinary movement of a gallery crowd might jostle it loose and let it fall on the sidewalk. The accident itself might be regarded, in the absence of explanation. as proof of the negligence charge."

The reason for the rule is simple. The duty of the defendant was to exercise reasonable care to provide reasonably safe appliances for

moving and loading the timbers. Plaintiff had a right to rely that this was done. The accident, which caused plaintiff to be removed in an unconscious condition to his home and then to the hospital, where he was detained for a month, prevented him from ascertaining what caused the breaking of the rope; while, on the other hand, defendant had the means in its possession to show that it had exercised the diligence imposed on it by law, and, failing to do so, it is but reasonable to presume that it could not do it. An eminent author has aptly epitomized the rule and reason thereof as follows:

"When the thing is under the management of the defendant, and the accident is such as ordinarily does not happen if those who have its management use proper care, a presumption of negligence arises from the happening of the accident." Lawson on Presumptive Evidence, p. 122, and authorities there collected.

The motion of defendant for judgment non obstante veredicto must be denied, and judgment for plaintiff will be entered in conformity with the verdict.