# DAVID O'BRIEN v. NORTHWESTERN CONSOLIDATED MILLING COMPANY.[1]

July 19, 1912.

Nos. 17,584—(194).

**Pleading — complaint — submission to jury on certain theory.**

Where the complaint in a personal injury action by a servant against his master alleged a failure on the part of the defendant to provide a safe instrumentality, namely, a ladder which was used in lieu of a stair, and that the plaintiff was injured by reason of its defective condition, but it was also alleged that the plaintiff was injured by reason of the defendant's failure to furnish him with a safe place in which to work, the only objection, if any, to which the pleading was open was that it suggested a case where the plaintiff might, perhaps, have been compelled to elect between two different theories of recovery; and, in the absence of any motion to compel the plaintiff to so elect, there was no reversible error in submitting the case to the

[1] Reported in 137 N. W. 399.

jury, under the evidence, upon the theory of the defendant's duty to provide the plaintiff with a safe place in which to work.

**Variance — curing defect.**

The result, at most, was a mere variance, which, if it had been objected to, could have been cured by an amendment of the complaint on the trial, or even after judgment.

**Duty of master to maintain safe stair for servant.**

A ladder, installed by the defendant in lieu of a stair, *held* to be a stair in the contemplation of the law, with the same resultant duty on the part of the defendant to maintain and keep it safe for the use of its employees as though it had been a stair in fact.

**Master's negligence question for jury.**

The question as to whether the defendant was negligent in failing to furnish the plaintiff, its servant, with a safe place in which to work, the plaintiff having been injured by reason of a defective ladder used as a stair, *held* for the jury.

**Question of contributory negligence.**

The question as to whether the plaintiff was guilty of contributory negligence in failing to avail himself of readily accessible means of steadying himself while ascending the ladder, and in otherwise failing to make special effort to conserve his safety while making the ascent, *held* for the jury.

**Questions for jury.**

The questions as to whether the plaintiff's injury was caused by the defective condition of the ladder, and whether he assumed the risk, *held* for the jury.

Action in the district court for Hennepin county to recover $2,-000 for personal injuries. The answer alleged that any injury was caused by the negligence of plaintiff and that the instrumentality causing the injury was simple, and any and all things connected therewith were open and obvious to plaintiff, and to any person of ordinary intelligence, and that he understood and assumed the risks. The reply denied these allegations. The case was tried before Hale, J., and a jury which returned a verdict in favor of plaintiff for $300. From the judgment entered pursuant to the findings, defendant appealed. Affirmed.

*Brown & Guesmer,* for appellant,

*Larrabee & Davies,* for respondent.

PHILIP E. BROWN, J.

Action to recover for personal injuries alleged to have been caused by the defendant's negligence. Verdict for the plaintiff. The defendant appealed from a judgment entered after a denial of its motion for judgment notwithstanding a verdict or for a new trial.

The material facts touching the alleged negligence of the defendant, as shown by the record, are as follows:

The defendant had been operating the St. Anthony H flour mill in Minneapolis for more than thirty years. There were two adjoining rooms therein, the floors of which were not on a level; the floor of one being between four and one-half and five feet higher than that of the other. The upper of these rooms was called the "packing room," wherein the packing crew worked, and the lower room was called the loading or bran room, and was used by the loading crew. Both the loaders and the packers had frequent occasion, in the performance of their duties, to pass from one of these rooms to the other. There were two routes from the loading to the packing room by stairway, but both were devious. In the partition between the two rooms, however, an opening had been cut about the size of an ordinary door, the bottom of which was on a level with the floor of the packing room. A skid, used for the purpose of sliding filled sacks from the packing room into the loading room, extended from the bottom of this opening, downward and partly across the floor of the loading room, and rested upon a table therein. The workmen were in the habit of sliding down this skid from the packing room; and for about thirty years a ladder had been used by the defendant's employees in ascending from the lower to the upper room, through the opening referred to.

Some two years before the accident here involved, one of the defendant's foremen took the particular ladder in controversy from some other room in the mill and made it fit at this place, locating it so that it stood on the right side of the skid, facing the opening mentioned; the top part resting against a spout on the wall, and the left standard thereof being about four inches from the skid and a few

inches below the bottom of the opening. The floor of the lower room was partly covered with sheet iron, and one side of the ladder rested thereon, while the other side (that nearest the skid) rested on the wooden floor and about four inches from the skid. When the ladder was first located at the place described it was in perfect condition, and was equipped with iron spurs about one inch long, fastened to the sides of the standards, and then brought to a point in the center of the bottom of the standards. In order that the spurs might take hold, and to prevent the ladder from "kicking back," and for safety, a small hole was cut in the sheet iron for one of the spurs, which was not pointed, to rest in, and on the other side the spur, which was pointed, was set in a depression in the wooden floor. Some two or three weeks before the accident the spike which rested on the wooden floor was broken off, and most of the other spike was gone. This ladder constituted the only direct way of going to the packing room from the loading room, and it was used for that purpose every day by the defendant's employees generally. The ladder itself was an ordinary portable one. It was set out of the way by the loaders occasionally, so that it would not interfere with their work, and sometimes it was temporarily pushed out of its location, but was restored thereafter to its usual position, and was used in this place only. The light in the loading room was good. Before the spikes were broken and worn off, the ladder stood solid; but thereafter it slipped sometimes.

The plaintiff, an intelligent man, forty-three years old, had worked around the defendant's mill for some eighteen years, and for about fifteen months out of the two years next prior to the time of the accident herein involved in the packing room as a packer, and had used this ladder several times a day during almost every day of such employment. On March 4, 1911, at about three o'clock in the afternoon, in the course of his employment and in line of his duty, he attempted to go up the ladder to the packing room. When he reached the top rung, and was about to step into the packing room, with his left foot forward, the ladder turned, and he was thrown therefrom to the

floor,. and received the injuries for which he seeks a recovery in this action.

1. The defendant insists that the plaintiff's claim is predicated upon a single specification of negligence, namely, that the defendant failed to furnish an instrumentality—a ladder—in good condition, and, having failed to prove this claim, but, on the contrary, having established that the ladder when originally furnished was in good condition, no cause of action was made out, and, furthermore, and because thereof, that the court submitted the case to the jury upon a theory and issue which was neither raised by the pleadings nor warranted by the facts.

Neither of these contentions can be sustained. The complaint charges, in effect, that while the plaintiff was in the employment of the defendant, in the capacity of a packer, the defendant owed him the duty of using reasonable care to prevent personal injury to him, and to furnish him with a safe place in which and safe appliances with which to work; that among the duties of the plaintiff in his employment was that of going up a ladder in the defendant's mill, and that the duty devolved upon the defendant to maintain such ladder in a safe condition so that the same would not slip or fall; that the lower end of this ladder was provided when new with spikes, and that it was the defendant's duty to maintain the spikes in such condition as to prevent the ladder from slipping and falling; but that it neglected such duty, and permitted the spikes, through long use, to become dull and broken, and in such condition that they would naturally slip upon the floor and cause the ladder to fall, and that in such worn, broken, and defective condition the defendant negligently furnished the ladder to the plaintiff as a ladder and an appliance to be used by him while he was working for the defendant. The court charged, among other things, in substance, that if the jury found from the evidence that the ladder was used generally by the defendant's workmen in passing between the loading and packing rooms, and was kept there for general use in that particular place, and not in any other, then it was the defendant's duty to use reasonable care to furnish to the plaintiff a reasonably safe place and means of going

from the lower to the upper room, and a failure so to do would be negligence.

We think it is clear that the complaint alleges a failure on the defendant's part to use due care in furnishing the plaintiff with a safe place in which to work, because of this defective ladder, and that facts are therein stated, concerning which there is evidence in the record, sufficient to sustain the instruction given, provided, of course, that it states the law correctly. It may be admitted that the complaint also alleges a negligent failure, on the defendant's part, to provide a safe instrumentality, namely, the same ladder, for the plaintiff to use, and that he received injury therefrom; but this does not establish any part of the defendant's claim, or show that the first-mentioned cause of action was not pleaded, the only objection, if any, to which the pleading is open in this connection, being merely that it suggests a case where the plaintiff might, perhaps, have been compelled, on proper application, to elect between two theories, one involving the duty to furnish a safe place in which to work, and the other the duty to furnish safe appliances for the plaintiff's use (3 Dunnell, Minn. Dig. § 7536), which question, however, is not before us. Furthermore, considering as we must, that this is primarily a question of pleading, the result, under the evidence adduced on the trial, would be a mere variance, which, even if the defendant's point be well taken, would not be available to it, but would simply result in an amendment of the complaint on the trial or even after judgment. Adams v. Castle, 64 Minn. 505, 67 N. W. 637; Wilcox Lumber Co. v. Ritteman, 88 Minn. 18, 92 N. W. 472; Kaufman v. Barbour, 103 Minn. 173, 114 N. W. 738.

2. The defendant insists that the theory of the plaintiff's case, as presented to the jury in the instruction stated, is not tenable, because under the proofs the defective ladder was a simple hand tool, with the use of which plaintiff was fully conversant, and which was sound and in good condition for use when originally furnished, and hence that no duty was imposed upon the defendant to inspect it thereafter for the purpose of determining from its ordinary use if it required repairs. In other words, the defendant contends that the question of providing the plaintiff with a safe place to work is not here involved,

and that the case comes squarely within the rule above stated concerning the furnishing and inspection of simple and commonly understood instrumentalities by the master, as declared in Koschman v. Ash, 98 Minn. 312, 108 N. W. 514, 116 Am. St. 373, and Dessecker v. Phœnix Mills Co. 98 Minn. 439, 108 N. W. 516, and as applied in Anderson v. Fred Johnson Co. 116 Minn. 56, 133 N. W. 85, and Wood v. Tileston, 182 Mass. 449, 65 N. E. 810.

We hold that the rule suggested does not apply to the instant case, and that the authorities relied upon by the defendant are not in point. Considering the long-continued, sole, and extensive use of this ladder as a means of ingress to the packing room, it must be taken, for all practical and legal purposes, as the equivalent of a stair. Plainly the defendant cannot justly complain if the ladder, which it installed in lieu of a stair, be held to be a stair in the contemplation of the law, with the same resultant duty on the part of the defendant to maintain and keep it safe as though it were in fact a stair. The instruction challenged was, therefore, correct, and it was a question for the jury, under the circumstances disclosed, whether the defendant used ordinary care in furnishing the plaintiff with a reasonably safe place to work; the ladder, when considered as a stair, being properly deemed to be a part of such place.

3. In addition to the facts above stated, it appeared that at the time of the accident there was a wooden spout in the loading room to the right of the ladder, which the plaintiff could have easily taken hold of, but did not, when he reached the upper part of the ladder. It also appeared that he made no inspection of the ladder before or while undertaking to ascend it, and made no special effort to conserve his safety while making the ascent. From these and other circumstances, not necessary to state, the defendant argues that the plaintiff was guilty of contributory negligence as a matter of law. We cannot agree to this. The plaintiff testified that he did not know that the spike was gone, and, further, that prior to the time of the accident the ladder had never slipped with him. Considering this evidence, and also the shortness of the ladder and the plaintiff's frequent use thereof, and that the burden of proof on this issue was

on the defendant, the question as to whether he was guilty of contributory negligence was for the jury.

4. The defendant's final points are that the absence of the spur was not the cause of the plaintiff's injury, and that the plaintiff assumed the risk. These contentions have been considered, and, we think, require no discussion. We hold that they both involve jury questions.

We find no error. Judgment affirmed.