## ALASKA PACKERS' ASS'N v. GOVER.

(Circuit Court of Appeals, Ninth Circuit. February 6, 1922.)

No. 3705.

I. **Master and servant** ⊛〰219(8)—**Risk of defects in permanent ladder not assumed.**

A ladder 25 feet long, permanently fixed to the side of a building, having the rungs nailed in mortises in the perpendicular side pieces, is not a simple tool, risk of defects in which is assumed by a workman required to use it, but a part of the place to work, and it is the duty of the employer to exercise reasonable care to see that it is properly inspected and kept in safe condition.

2. **Master and servant** ⊛〰286(24)—**Negligent inspection of ladder held question for jury.**

That defendant's superintendent climbed a fixed ladder before plaintiff, an employé, began to use it in his work, and observed no defects, *held* not an inspection by defendant; and in an action for injury to plaintiff caused by the pulling out of a rung, which was so decayed that the nails failed to hold it in place, the question whether defendant used proper care in inspection and repair *held* properly submitted to the jury.

3. **Appeal and error** ⊛〰1004(1)—**Amount of damages assessed by jury not reviewable by appellate court.**

In a federal appellate court the amount of damages assessed by a jury is not reviewable.

In Error to the District Court of the United States for the First Division of the District of Alaska; Robert W. Jennings, Judge.

Action at law by D. J. Gover against the Alaska Packers' Association. Judgment for plaintiff, and defendant brings error. Affirmed.

The defendant in error, the plaintiff in the court below, was employed by the defendant to work as a common laborer in and about the defendant's salmon hatchery. On April 19, 1920, the superintendent of the hatchery directed the plaintiff to get some boards down from an old flume for use in building a fence. The top of the flume was a little more than 25 feet from the ground, and it was reached by a vertical ladder used only for that purpose. The ladder was constructed of spruce. The rungs or steps were 1 inch by 4 and were 24 inches long. Each was mortised into the uprights and was fastened with three spikes at each end. The top rung was 25 feet from the ground. The ladder was perpendicular, the uprights being nailed solidly to the building. It had been in use eight or nine years. In pursuance of the defendant's instructions, the plaintiff took a rope and a peavy and went up the ladder to loosen the boards. He lowered each board to the ground by the rope, and then descended the ladder to detach the rope. He testified that he had been up and down the ladder at least three times, and that as he was making the last of these descents and while he had his foot on about the fourth rung from the top of the ladder, and his right hand upon the top rung, that rung pulled out and he fell backward to the ground, striking the edge of a tramway and sustaining serious injuries. The complaint alleged that the timbers to which the rung was attached by nails were very old and rotten, and unfit for the purpose for which they were used; that the defendant knew, or ought to have known, their condition; and that it was the defendant's duty to exercise ordinary care to keep said ladder in reasonable repair, and that it was negligent in failing to exercise such care.

H. L. Faulkner, of Juneau, Alaska, and Chickering & Gregory, of San Francisco, Cal., for plaintiff in error.

A. H. Ziegler, of Ketchikan, Alaska, for defendant in error.

⊛〰For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above).   [1]
Error is assigned to the denial of the defendant's motion for an in-
structed verdict.   It is contended that the motion should have been
allowed for the reason that the ladder was a simple tool, and that the
risk of injury from any defects therein was assumed by the plaintiff.
Several cases are cited to the proposition that a ladder is a simple tool,
and is in the class of tools with respect to which the master is not liable
under the rule that where a tool is simple in construction and defects
therein can be discovered without special skill or knowledge and with-
out intricate inspection, the servant is as well qualified as any one else
to detect them and to judge of the probable danger of using them; his
opportunity for inspection being better than that of his master.   But
we are unable to agree with the plaintiff's contention that the ladder in
this instance was a simple tool.   It was not a movable ladder, such
as is carried by hand and is open to inspection in the handling of it.
It was in effect a stairway.   It was part of the building.   The perpen-
dicular uprights were mortised for the insertion of the steps, and were
nailed firmly to the building.   The necessity for sound construction and
timely inspection in such a structure is far greater than in the case
of an ordinary ladder which in practice is carried about from place
to place and when used is inclined at an angle, thus affording oppor-
tunity to grasp the leaning uprights in case a rung gives way.   The
present case is not dissimilar to O'Brien v. Northwestern Consol. Mill-
ing Co., 137 N. W. 399, where it was held that a ladder installed by the
defendant in lieu of a stair should be held to be a stair in the contem-
plation of the law, with the same resultant duty on the part of the de-
fendant to maintain and keep it safe for the use of employés as though
it had been a stair in fact.   So in Pendergrass v. St. Louis & S. F. R.
Co., 179 Mo. App. 517, 162 S. W. 712, a case in which the plaintiff was
injured by the breaking of a rung in a ladder 10 or 12 feet long, which
was used as a means of ingress and egress from the ground floor to a
pit where a pump and boiler were installed, the court held that the lad-
der was a part of the premises upon and about which the plaintiff
was required to work, and that it was the master's duty to exercise
ordinary care to furnish him a reasonably safe place to work, which
included a reasonably safe means of descending into the pit.   And in
Pacific Telephone & Telegraph Co. v. Starr, 206 Fed. 157, 124 C. C.
A. 223, 46 L. R. A. (N. S.) 1123, this court held that a ladder of un-
usual length used by employés of a telephone company in putting up
wires on buildings is not a simple appliance like mechanics' tools, the
risk from which is assumed by an employé.

[2] But it is urged that on the morning of the day on which the
plaintiff was injured, the superintendent of the hatchery discharged
the full measure of the defendant's duty of inspection.   He testified
that on that day he went clear from the bottom to the top of the lad-
der, and put his weight on the rungs of the ladder and observed no
defect.   That testimony amounts to little, if any, more than to say that
the superintendent, who weighed 220 pounds, went up and down the

ladder on that day without accident. What he did can hardly be said to be an inspection as to the soundness of the uprights or rungs. The plaintiff testified that he observed the rung that came off, and found that it was decayed on one side, that he could see pieces of rotten wood there, and that the nails were out. The court below, properly, we think, submitted to the jury the question whether a reasonably prudent person would have inspected the ladder by tapping it or in some other way in addition to what the defendant said it did in inspecting the ladder, and that it was for the jury to say whether such other inspection was called for under the circumstances, and whether other inspection would have revealed a defect. The court further instructed the jury that if an ordinarily prudent man would inspect the ladder from time to time to discover the defects, and if the defendant did not inspect it, and that an inspection would have revealed a defect, and that that defect caused the injury, ordinary care would not have been observed. No exception was taken to any of the instructions. We think that upon the case as it stood at the close of the testimony, there was no error in denying the motion for an instructed verdict.

[3] It is assigned as error that the court below overruled the defendant's motion to set aside the verdict and grant a new trial, and it is urged in the defendant's briefs that the amount of the verdict is grossly excessive. But it is so well settled as to require no citation of authorities that in a federal appellate court the ruling of a trial court on a motion for a new trial is not assignable as error. Nor can the question of the amount of damages assessed by a jury be re-examined in an appellate court. Phœnix Ry. Co. v. Landis, 231 U. S. 581, 34 Sup. Ct. 179, 58 L. Ed. 377; St. Louis & Iron M. T. Ry. Co. v. Craft, 237 U. S. 661, 35 Sup. Ct. 704, 59 L. Ed. 1160; Lincoln v. Power, 151 U. S. 436, 14 Sup. Ct. 387, 38 L. Ed. 224.

The judgment is affirmed.