## McNEAL v. OTTO.
### No. 1497.

Circuit Court of Appeals, Tenth Circuit.
July 19, 1937.

Rehearing Denied Aug. 26, 1937.

Merritt W. Oldaker, of Albuquerque, N. M., and James R. Hoffman, of Denver, Colo., for appellant.

L. H. Larwill, of Denver, Colo. (Malcolm Lindsey, of Denver, Colo., on the brief), for appellee.

Before PHILLIPS and BRATTON, Circuit Judges, and KENNEDY, District Judge.

KENNEDY, District Judge.

The appellant, as plaintiff in the court below, instituted suit against the appellee, as defendant, to recover damages for personal injuries growing out of the alleged negligence of the defendant in connection with plaintiff's fall from a ladder attached to a windmill owned and operated by the defendant.

The acts of negligence on the part of the defendant were alleged to be: That the defendant failed to furnish plaintiff with a safe and secure place in which to work; that defendant knew, or in the exercise of reasonable care should have known, the dangerous and unsafe condition of the ladder; that defendant neglected and failed to make a reasonable inspection of said ladder and neglected and failed to warn plaintiff of the dangerous and unsafe condition of the ladder; and that as a result of the conditions there existing the plaintiff fell from the ladder and suffered serious and permanent injuries. After a demurrer to the petition had been overruled, the defendant answered by denying any negligence on his part and setting up that the plaintiff assumed the risk of his employment and was himself guilty of contributory negligence which caused or contributed to his injury. Appropriate denials to the affirmative defenses were pleaded by reply.

The cause proceeded to trial before the court and jury, and at the close of plaintiff's evidence the trial court on motion directed a verdict in defendant's favor, upon which judgment was entered and from which plaintiff appeals.

In support of the issues tendered, plaintiff in substance testified that he was employed as handy man to do work on the farm and several ranches of the defendant near Clayton, N. M.; that he was instructed by the defendant as to the work which he was to perform, which included fixing corrals, taking care of sheep, repairing, and oiling windmills, and that he had been upon the windmill in question at least once before the time of the accident; that upon the day when the accident occurred, at the instruction of the defendant he went up the ladder attached to the windmill for the purpose of oiling the same; that the windmill was a wooden structure with uprights affixed to the side in a slightly slanting position, across which were nailed rungs one by six inches, said rungs being approximately 18 inches apart; that having completed the operation of oiling the windmill, he proceeded to descend the ladder with an oil can in his right hand, by grasping the rungs with both hands, three fingers of his left hand being missing from an accident suffered in early life; that as his feet were on the third or fourth rung from the top and his hands were grasping the first rung which was about 22 feet from the ground, the upper portion of said top rung split off, causing him to fall to the ground a distance of approximately 16 feet and caused him to suffer the injuries which he claimed to be attributable to the negligence of the defendant. The plaintiff's employment by the defendant commenced in January, 1934, and the accident occurred on June 7, 1934.

The plaintiff also testified that previous to his employment by the defendant he had worked as a carpenter and on riveting and steel structural work which took him up into the air to a distance of a hundred feet or so; that he had worked in a factory manufacturing all kinds of machinery; had run a planer in a machine shop; had operated a drill pressure machine; had been engaged as a carpenter in contracting and the building of houses; had used scaffolds and bought lumber for houses and at the time he entered the employ of the defendant was doing general carpenter work.

In August, 1935, one Donald Fox, an attorney, was employed by the plaintiff

through his counsel to make an examination of the windmill, and he testified that the uprights of said ladder consisted of 2x4's or 2x6's, with the rungs or steps nailed across substantially in accordance with the testimony of the plaintiff. He found at the base of the windmill a narrow strip of wood which upon adjustment fitted the top rung. He then ripped a narrow strip from the remaining top of said rung, and these strips marked as Exhibits 3 and 4, were offered in evidence and transmitted to this court for inspection. Into these splits there were indications of weather staining and paint having seeped. A diagram of the windmill was also made and some photographs taken showing the witness upon the ladder. The remaining testimony upon the trial related to the injuries sustained by the plaintiff and is not material to this inquiry.

The question presented is, whether or not the trial court erred in directing a verdict for the defendant, in that there was sufficient evidence of negligence on the part of the defendant to justify the submission of that question to the jury.

The rules which should determine the principal points involved are not seriously in dispute. A fair statement, which is supported by abundant authority, is found in 39 C.J. 415, in the following language: "It is not only the duty of a master to use ordinary care to furnish his servant with a reasonably safe place to work, and with reasonably safe machinery and appliances, but he must also, by inspection from time to time, and by the use of ordinary care and diligence, in making repairs, keep them in a safe condition. Nevertheless, the rule is well settled that actionable negligence cannot be predicated on the mere failure of the master to inspect, where an inspection would have disclosed no defects or dangers other than those which are already fully known and appreciated by the servant or which are already known to the servant and all others. Nor is the master under a duty to inspect for trivial defects and he will not be liable for failure to inspect with regard to a transitory risk. And so also a master is under no obligations to his servants to inspect during their use those common tools and appliances with which every one is familiar; nor is it the master's duty to repair defects arising in the daily use of an appliance, for which proper and suitable materials are supplied, and which may easily be remedied by the workmen, and are not of a permanent character, or requiring the help of skilled mechanics, and while a master is bound to keep his machinery in reasonably safe condition, he need not keep it in the best possible order. Nor again is a master required to exercise that exquisite and exhaustive care in the constant examination and overhauling of his machinery and work which would be incompatible with the furtherance of business."

The late Judge Sanborn used the following language in Cryder v. Chicago, R. I. & P. Ry. Co. (C.C.A.8) 152 F. 417, at page 419: "The servant assumes the ordinary risks and dangers of his employment which are known to him and those which would be obvious to one of ordinary prudence in similar circumstances. One of these risks is that which arises from latent defects, which the ordinary care of the master may not discover, in the place, articles, and machinery with which the servant works. The failure of the master to find and remove such latent defects, which ordinary care is unable to discover, constitutes no negligence on his part, because the limit of his duty is to exercise reasonable care, and the discovery and repair of such defects falls without that limit."

The evidence shows that plaintiff was generally familiar with the duties of his employment through his experience with various kinds of work, including the matter of building and repair work generally, and that he was employed by the defendant as a handy man to do general work upon the farm and ranches, including work upon windmills. In his employment by defendant he had worked upon a number of the windmills and had been upon the windmill at which the accident happened at least once before, according to his own testimony. In addition, the exhibits which were transmitted to this court for inspection show that the split which occurred was above the nail holes and that there was no evidence of rot except the natural drying out and splitting of the wood always occurring in a dry country, but which would not be easily discernible except upon minute inspection.

We think from the evidence presented, considering that the plaintiff was familiar with this kind of work and with construction work generally, and that there

was no evidence of other than a latent defect in the ladder which would not have been discovered by the defendant in the event an inspection had been made, that the lack of ordinary care by the master was not affirmatively shown. The plaintiff assumed the risk which resulted in the misfortune· which overtook him.

It is likewise questionable whether the plaintiff did not contribute to his injury through the manner in which he descended the ladder, carrying an oil can in his right hand with his left hand deformed. It is quite apparent that he could not have grasped the rung firmly which gave away, as only a small portion split off when his fall was precipitated.

The ladder cases cited by plaintiff do not appear to be in point on the facts presented in the case at bar. In those cases the rungs of the ladder were either rotted or contained knotholes which would have been apparent on casual inspection.

The rule for holding farmers and ranchmen liable for negligence as against their employees who are hired for the purpose of keeping the general equipment of ranch properties in repair, with these employees being as familiar as the employer himself with the function and operation of such equipment, should not be unduly extended.

For the reasons stated, the trial court committed no error in directing a verdict for the defendant, and the judgment below will be, and is, affirmed.

BRATTON, Circuit Judge (dissenting).

There was testimony that defendant directed plaintiff to oil a certain windmill; that plaintiff ascended the ladder, oiled the windmill, and started to descend step by step; that he took hold of the rung in question with both hands, having the neck of a quart bottle containing oil in his right hand; that the upper third of the rung split off and he fell to the ground and suffered serious injuries; that he had repaired about eight windmills on the ranch having steel towers, but none with wooden towers; that he had been on the windmill from which he fell on one or two previous occasions; that the tower and ladder had stood for a long time, estimated as twenty-five years; that about a year after the accident the piece of the rung which split off was found at the foot of the windmill and fitted in place and identified; that the rung disclosed three or four cracks on each side coming from the nail holes and apparently caused by the effect of weather on the wood or by the nail holes; that such cracks were from three to eight inches in length, but did not meet in the center; that red paint, with which the tower was painted, had seeped into one of the cracks and was discernible; and that a part of the portion of the rung still remaining on the ladder was ripped off with the hand without much trouble. The piece of the rung which split off and caused the accident, also the piece which was later ripped from the remaining part with the hand, were introduced in evidence and exhibited to us.

The ladder was not an ordinary and · simple tool which the master was under no duty to inspect. It was a part of the premises, a permanent structure comparable in law to a stairway; and the same duty rested upon the master to keep it in a reasonably safe condition as though it were a stairway. The jury, as reasonable minded men, could have found from the evidence and its permissible. inferences that, due to cracks from nail holes or long exposure to weather or both, the ladder was in a weakened and defective condition; that such condition was the proximate cause of the accident; and that it was discoverable by reasonable inspection, but was not known to plaintiff nor was so patent that it could have been discovered on a casual ocular observation. If these conditions existed, defendant was negligent and plaintiff did not assume the risk even though he was employed as a handy man and had been on the ladder once or twice before. Alaska Packers' Ass'n v. Gover (C.C.A.) 278 F. 927; Twombly v. Consolidated Electric Light Co., 98 Me. 353, 57 A. 85, 64 L.R.A. 551; O'Brien v. Northwestern Consolidated Milling Co., 119 Minn. 4, 137 N. W. 399; Pendegrass v. St. Louis & S. F. R. Co., 179 Mo.App. 517, 162 S.W. 712.

The court should have overruled the motion for a directed verdict and submitted the issue to the jury.